## HITCHCOCK vs. DANBURY AND NORWALK RAILROAD Co.

A party, whose land was taken by a railroad company, under the provisions of their charter, for the purposes of their road, and in whose favor damages were assessed therefor and deposited to his credit with the treasurer of the county, afterward, with full knowledge of all the proceedings of the company and of whatever defects existed therein, demanded and received the money so deposited, and for two years thereafter allowed the company, without objection, to occupy the land for their road, and expend money in improvements upon it. At the end of that time, having brought an action of trespass against the company, claiming that their proceedings were irregular, and conferred no right to make the entry,—it was held, that by the course which he had pursued he had waived all right to object to the irregularity of such proceedings.

TRESPASS, *qu. cl. fr.*, tried before the superior court for Fairfield county, October term, 1856.

The defendants justified under certain proceedings, by which the land had been taken for the purposes of their railroad, and which they claimed were in all respects in accordance with the requirements of their charter. The plaintiff claimed that the proceedings were irregular and defective, and gave the defendants no right to enter upon and take the land. The details of the defects claimed are not important in the view of the case taken by this court.

Damages had been assessed to the plaintiff for the land taken, by appraisers appointed by a judge of the superior court, in accordance with the provisions of the defendants' charter, and deposited in compliance with the charter to the credit of the plaintiff with the treasurer of the county. The plaintiff had afterward demanded and received the money, and retained it at the time of the trial. After receiving it, he allowed the company, without objection, for more than two years, to go on and occupy the land for their road, and lay out money in improvements upon it.

The court on this point charged the jury, that if they should find that the plaintiff, with a full knowledge of all the proceedings of the defendants and of the irregularities therein, if any existed, demanded and received the money so

deposited with the treasurer and appropriated it to his own use, and afterward suffered the company to remain in possession and expend its money in improvements on the land, and to use the land until this suit was brought, without objection, knowing that the company was so doing, they ought to find that by such conduct the plaintiff intended to waive and did waive all claims on account of irregularities in said proceedings, if such irregularities existed, and their verdict ought to be for the defendants: and that upon the rendition of their verdict they would be inquired of by the court whether they found such waiver or not.

The jury rendered a verdict in favor of the defendants, and being inquired of by the court, replied that they found the waiver claimed by the defendants. The plaintiff filed a motion for a new trial.

*Hawley* and *Taylor*, in support of the motion, after considering the defects which they claimed to exist in the proceedings of the defendants in taking the land, contended that the conduct of the plaintiff, in receiving the money and permitting the defendants to occupy the land in the manner in which they had done, was not a waiver of his right to object to the irregularity of their proceedings ; citing thereto *Roe* v. *Harrison*, 2 T. R., 425. *Kinnersley* v. *Orpe*, Doug. Cas., 56. *Pierce* v. *Benjamin*, 14 Pick., 356. *Gilmore* v. *Wilbur*, 12 Pick., 120. *Stewart* v. *Richman*, 1 Esp., 108. *Beardmere* v. *Shaw*, 1 Bos. & Pul. N. R., 263, 266.

*Averill* and *Ferry*, contra, contended that the proceedings of the defendants were regular and valid, and that if any defects existed therein, the plaintiff, by his conduct, was estopped from taking advantage of them ; referring, in support of the latter position, to the cases of *Hawley* v. *Harrall*, 19 Conn., 142, and *Whittlesey* v. *Hartford, Providence and Fishkill R. R. Co.*, 23 Conn., 421.

ELLSWORTH, J. Numerous questions have been made, on the argument of this case, mostly of a technical and

unimportant character, which the court do not think it necessary to decide, since we are satisfied that the plaintiff, by the course pursued, has waived such objections.

In March, 1851, the engineer of the defendants, under the provisions of the charter, laid out and defined, with exact boundaries, the defendants' road, which included the plaintiff's land in question. His doings were reported to and accepted by the directors in the same month. Thereupon, the commissioners on railroads gave notice to all the persons whose land was about to be taken, to appear before them, if they saw fit, and state their objections to the doings of said engineer. Upon a full hearing at the time and place appointed, the commissioners approved of the laying out by the engineer, and established the road. Damages were assessed to the plaintiff at $700, which was deposited to the plaintiff's credit with the treasurer of the county of Fairfield on the 11th day of August, 1851, where it remained until the 9th day of March following, when the plaintiff took it, and has ever since kept it, with full knowledge of whatever had been done by the engineer, directors and commissioners.

In this position of the case, the judge charged the jury, "that if they found, after all the aforesaid proceedings in regard to the taking of the plaintiff's land and its appraisal, and the depositing of said money with the county treasurer for the plaintiff's use, the plaintiff, with a full knowledge of all said proceedings and the irregularities and defects therein, if any existed, demanded and received said money so deposited with the treasurer, and appropriated it to his own use, and afterward suffered the company to remain in possession and expend their money in improvements on said land, and to use said land until this suit was brought, without objection, knowing that said company was so doing, they ought to find that by such conduct, the plaintiff intended to waive and did waive all claim on account of irregularities and defects in said proceeding, if such irregularities and defects existed, and their verdict ought to be for the defendants."

We perceive no error in this charge, and as the jury have found the facts for the defendants, there was undoubtedly

Hitchcock *v.* Danbury and Norwalk Railroad Company.

enough to sustain the verdict, and it ought not to be disturbed.

The doctrine of the charge is fully sustained by the decisions of this and other courts. We particularly refer to the recent cases of *Hawley* v. *Harrall*, and *Whittlesey* v. *The Hartford, Providence and Fishkill R. R. Co.* In the first case, reported in 19 Conn., 142, the mayor of the city of Bridgeport was sued for damage done to the land of the plaintiff in opening a street under the order of the common council, the plaintiff claiming that the proceedings of the common council were incorrect and informal, and furnished no justification. The amount at which his damage had been appraised, had been deposited with the city treasurer, and the money afterward taken and retained by him. The court held that he was concluded and could not recover. The court say, " had there been an unreasonable delay, the plaintiff can not be allowed to insist upon the objection, for by receiving the money, he has waived the objection." They ask, " Is he to be permitted to retain his land, as if nothing had been done to it, and the money likewise, the assessed equivalent of the land ? He must be held to have known the supposed defects and informalities in the proceedings, and to have made up his mind, on the whole, to waive them and let the road be established." So in the latter case, found in 23 Conn., 421, where the assessed damages had been taken and kept, and the company had had possession of the road for a considerable time, the court held the plaintiff estopped, under the circumstances, from objecting to the informality of the proceedings.

For these reasons, briefly given, we think there should be no new trial, and so we advise the superior court.

In this opinion the other judges, STORRS and HINMAN, concurred.

New trial not advised.