No. 8394.

BALTIMORE, OHIO AND CHICAGO RAILROAD COMPANY *v.* JOHNSON.

RAILROADS.—*Assessment of Damages.*—*Receipt of Assessment Pending Appeal.*— *Plea in Bar.*—*Practice.*—Where a land-owner appeals from the assessment of damages for the appropriation of his lands by a railroad company, and pending his appeal he receives the sum assessed from the clerk to whom it has been paid, as provided by section 3907, R. S. 1881, he can not further prosecute his appeal; and, in such case, it is error to strike out an answer by the company, in bar of the further prosecution of the appeal, which alleges such receipt of the money.

From the Porter Circuit Court.

*J. H. Carpenter, J. W. Cook, A. L. Jones* and *M. L. De-Motte*, for appellant.

*W. Johnston*, for appellee.

NIBLACK, J.—This was a proceeding by the Baltimore, Ohio and Chicago Railroad Company, formerly known as the Baltimore, Pittsburgh and Chicago Railroad Company, to ap-

propriate certain lands belonging to John Johnson to the use of the company.

Appraisers were appointed by the judge of the court below, by whom Johnson's damages were assessed at eleven hundred dollars. A few days after a return of that assessment was made, the railroad company paid the amount of the damages so assessed to the clerk of the Porter Circuit Court for the use of Johnson.

Johnson filed exceptions to the assessment, and thus brought the cause before the circuit court.

The court sustained the exceptions taken to the assessment, and, hearing the cause on its merits, rendered judgment in favor of Johnson for a larger sum in damages. That judgment was reversed by this court. *Baltimore, etc., R. W. Co.* v. *Johnson*, 59 Ind. 247. After the cause was remanded, the railroad company filed what was denominated a supplemental answer to the exceptions taken by Johuson to the assessment of damages by the appraisers, alleging that, since the former trial of the cause, Johnson had voluntarily received from the clerk of the Porter Circuit Court the full amount of the damages assessed in his favor by the appraisers or arbitrators, as herein above stated, and that, by reason thereof, he had waived all right to further prosecute his said exceptions to the said assessment of damages. On Johnson's motion this supplemental answer was struck out, and thereupon, without apparently noticing further the exceptions to which the answer so struck out was addressed, the court proceeded to hear and determine the cause upon its merits, assessing damages in favor of Johnson in the sum of sixteen hundred dollars, and rendering a judgment against the railroad company for a balance of five hundred dollars, after taking into account the sum of eleven hundred dollars which it was shown Johnson had already received.

Section 15 of the act of 1852 for the incorporation of railroad companies, after providing for the appointment of appraisers or arbitrators, the assessment and report of the dam-

ages, and the payment to the clerk of the proper court of the amount of damages assessed, in cases like this, proceeds: " The award of said arbitrators may be reviewed by the circuit court * * * * * * on written exceptions filed by either party in the clerk's office, within ten days after the filing of such award, and the court shall take such order therein as right and justice may require, by ordering a new appraisement, on good cause shown: *Provided*, That notwithstanding such appeal, such company may take possession of the property therein described, as aforesaid, and the subsequent proceedings on the appeal shall only affect the amount of compensation to be allowed." 1 R. S. 1876, p. 704.

It will thus be seen that the filing of exceptions to the award of the arbitrators in cases like the one before us causes proceedings to be taken which are denominated by the statute as, and are in all essential respects, an appeal to the circuit court from the assessment of the damages made and reported by such arbitrators.

In the case of *Mississippi, etc., R. R. Co*. v. *Byington*, 14 Iowa, 572, a case of the same class as the one at bar, the Supreme Court of Iowa said: " We think it a correct rule of law, and well settled by the authorities, that a party can not accept the benefit of an adjudication and yet allege it to be erroneous;" and held that this general rule was as applicable to appeals in special proceedings, like those then before that court, as it was to appeals in ordinary cases.

The doctrine of that case is sustained in principle by the following cases: *Hawley* v. *Harrall*, 19 Conn. 142 ; *Whittlesey* v. *Hartford, etc., R. R. Co.*, 23 Conn. 421 ; *Hitchcock* v. *Danbury, etc., R. R. Co.*, 25 Conn. 516 ; *Ind. Dist. of Altoona* v. *Dist. Tp. of Delaware*, 44 Iowa, 201 ; *Rees* v. *City of Chicago*, 38 Ill. 322 ; *Ruckman* v. *Alwood*, 44 Ill. 183 ; *Kile* v. *Town of Yellowhead*, 80 Ill. 208 ; *Hartshorn* v. *Potroff*, 89 Ill. 509 ; *Embury* v. *Conner*, 3 N. Y. 511 ; *Bennett* v. *VanSyckel*, 18 N. Y. 481 ; *Murphy* v. *Spaulding*, 46 N. Y. 556 ; *Felch* v. *Gilman*,

:22 Vt. 38; *Burns* v. *Milwaukee, etc., R. R. Co.,* 9 Wis. 450; *Karber* v. *Nellis,* 22 Wis. 215.

These cases go to the effect that where damages are assessed in a party's favor by a competent tribunal, the acceptance of the damages so assessed precludes him from taking further pro-·ceedings for the recovery of greater damages, and are decisive against the propriety of the decision of the court below :striking out the appellant's supplemental answer.

The precise question involved in this case was not before the court in the case of *Indianapolis, etc., R. R. Co.* v. *Brower,* 12 Ind. 374, and hence that case can not be regarded as antagonistic in principle to the cases cited and followed by us as above.

The judgment is reversed, with costs, and the cause remanded for further proceedings not inconsistent with this ·opinion.