## INDIANAPOLIS TRACTION AND TERMINAL COMPANY *v.* RIPLEY ET AL.

[No. 21,634. Filed January 10, 1911.]

1. EMINENT DOMAIN.—*Award.*—*Acceptance.*—*Estoppel.*—A person cannot accept the benefit of an award or judgment, and afterward contest the validity thereof. p. 107.

2. EMINENT DOMAIN.— *Railroads.*— *Awards.*— *Exceptions.*— *Sufficiency.*—An exception to an award in a railroad condemnation pro-

ceeding that "the damages assessed * * * as to the value of the land appropriated, are entirely inadequate and said land is worth much more than the amount found * * * in said appraisers' report, * * * said defendant, however, accepting the valuation of the improvements," is sufficient to bring the whole question of damages before the trial court *de novo.* p. 107.

3. EMINENT DOMAIN.—*Damages.—Burden of Proof.*—The burden of proving damages, in an eminent domain proceeding, is upon the landowner; and such damages include those to the improvements as well as to the land itself. p. 107.

4. ESTOPPEL.—*Eminent Domain.—Award.—Exceptions to.—Acceptance of Part.*—A landowner who, in a railroad condemnation case, excepts to the award of appraisers as to the land, but accepts the valuation of the improvements, is not estopped from trying the case *de novo* in the circuit court, there being nothing to show that the money for the damages to improvements had been accepted. p. 108.

5. EMINENT DOMAIN.—*Award.—Exceptions. — Jurisdiction. — Instructions.*—To an award in a railroad condemnation case, an exception as to the value of the real estate, but an acceptance of the valuation of the improvements, invests the circuit court with jurisdiction of the case; and the company's motion to withdraw the case from the jury on the ground that the landowner had accepted the benefits of the award was properly overruled. p. 108.

6. APPEAL.—*Defective Instructions.—Evidence not in Record.*—Where the evidence is not in the record, the overruling of objections to a question, and the giving of alleged erroneous instructions, present no question, unless it affirmatively appears that the rulings of the court were necessarily erroneous and probably harmful under any possible state of the evidence. p. 108.

From Superior Court of Marion County (78,199); *Pliny W. Bartholomew,* Judge.

Condemnation proceeding by the Indianapolis Traction and Terminal Company against William I. Ripley and another. From a judgment for defendants, plaintiff appeals. *Affirmed.*

*F. Winter, W. H. Latta* and *M. E. Foley,* for appellant.
*Ralph Bamberger* and *Isadore Feibleman,* for appellees.

MORRIS, J.—Appellant filed its complaint in the Superior Court of Marion County against appellees, William I. Ripley and his wife, to condemn certain land of appellee William I.

Ripley. The land is located on Washington street in the city of Indianapolis, and has a frontage of fifty feet on said street. The proceeding was brought under the eminent domain act of 1905 (Acts 1905 p. 59, §893 *et seq.* Burns 1905). The court appointed appraisers, who reported their assessment of appellees' damages sustained by reason of the appropriation of the land, in the sum of $60 a front foot for the real estate, and $1,500 for the improvements thereon.

Appellee William I. Ripley filed written exceptions to the appraisers' report as follows (omitting caption and subscription): "Exceptions to appraisers' report. The above-named defendant, William I. Ripley, hereby excepts to the report and award of the appraisers herein on the following grounds: (1) The valuation of the land sought to be appropriated is reported by said appraisers to be $60 a front foot, instead of giving the valuation of the entire tract, taking fully into account the depth of said land. (2) The damages assessed in the finding, as to the value of the land appropriated, are entirely inadequate and said land is worth very much more than the amount found and reported in said appraisers' report. Wherefore, said defendant prays the court that that portion of the appraisers' report fixing the value of the land appropriated be set aside, and that the value of said land and the amount of damages sustained by defendant by the appropriation of the land proper be assessed by the court, said defendant, however, accepting the valuation of the improvements at $1,500, as reported by said appraisers."

Appellant filed no exception. The cause was submitted to a jury for trial, and at the close of appellees' evidence, appellant filed its motion to withdraw the case from the jury, which motion, omitting caption and subscription, was as follows: "Now at the close of defendants' evidence plaintiff moves that the court withdraw this case from the consideration of the jury, and enter judgment in favor of plaintiff, affirming the award of the appraisers, heretofore filed in this cause, on the grounds and upon each of the following separate

reasons, to wit: (1) The court has no jurisdiction of this appeal. (2) The defendants have waived their right to appeal to this court, and have waived their right to have their damages reassessed, by heretofore accepting a portion of the damages awarded by said appraisers."

This motion was overruled by the court, and plaintiff excepted. At the proper time plaintiff requested the court to instruct the jury as follows: "(1) Under the evidence in this case, it is your duty to find for plaintiff. (2) The court instructs you that if you find from the evidence that defendants have only excepted to a part of the report of the appraisers, and that they claimed the benefit of a part of said report, then, by claiming the benefit of a part of the report, they have forfeited their right to have damages assessed by the jury, and are bound to accept the amount given by the appraisers. (3) The court instructs you that defendants did not have the right to accept a part of the finding of the appraisers, and appeal from a part of their finding. They must have accepted or rejected the report of the appraisers as a whole; and, inasmuch as they claimed the benefit of the appraisers' report and allowance in their favor for the value of the buildings, they thereby lost the right to have the report of the appraisers reviewed by you. You are instructed therefore to find the following values in this case as your verdict, to wit:

| | |
|---|---:|
| For the land, $60 a foot, or.......... | $3,000. |
| For the improvements............... | 1,500. |
| Total damages................. | $4,500." |

The instructions requested were refused, and appellant excepted, and a verdict was returned assessing appellees' damages at $1,500 for improvements and $4,750 for the land, or a total of $6,250, on which judgment was rendered for appellees, and from which this appeal is prosecuted.

The errors assigned by appellant are the overruling of its motion to withdraw the case from the jury, and the over-

ruling of its motion for a new trial. This motion alleged six errors, viz.: (1) The verdict was contrary to law; (2) giving certain instructions on the court's own motion; (3) giving one instruction requested by appellee; (4) refusing to give said instructions requested by appellant; (5) refusing to sustain appellant's said motion to withdraw the case from the jury; (6) overruling appellant's objection to a certain question asked of one of appellees' witnesses.

The principal ground of contention arises over the recital by appellee Ripley in his second exception to the appraisers' report, wherein he says, "said defendant however

1. accepting the valuation of the improvements at $1,500 as reported by the appraisers." On this recital appellant based its said motion to withdraw the case from the jury. Whether this motion was made at the proper time is unimportant, in view of the conclusion reached by the court. It is well settled that a party cannot accept the benefit of an award or judgment, and then contest the validity thereof. *Baltimore, etc., R. Co.* v. *Johnson* (1882), 84 Ind. 420; *Holland* v. *Spell* (1895), 144 Ind. 561; *Test* v. *Larsh* (1881), 76 Ind. 452. But in this case appellee did not receive any part of the award, so far as the record discloses. A fair construction of appellees' exceptions to the report of the appraisers is that they were demanding

2. a review of the appraisers' award because the damages assessed were inadequate, though they express their assent to the item in the report fixing the value of the improvements at $1,500. This, however, could not prejudice appellant. It in nowise lost thereby its right to a reduction in the damages for improvements below the $1,500, awarded by the appraisers, and, in the absence of an exception by appellant to the award of the appraisers, the cause came up for trial *de novo* on appellees' exceptions. Nothing but appellees' damages being in issue, they had the burden

3. of proof, and it was incumbent on them in the first instance to prove the amount of their damages, and

this included damages to improvements as well as to the
land.   5 Ency. Ev. 191; *Indianapolis, etc., Traction Co.* v.
   *Shepherd* (1905), 35 Ind. App. 601; *Indianapolis, etc.,*
4.   *Traction Co.* v. *Wiles* (1910), 174 Ind. 236, and cases
   cited.   No fact is disclosed by the record that would
estop appellees from having a review of the appraisers' award.
   The Superior Court of Marion County had jurisdiction of
   the appeal from the award of the appraisers, and it
5.   did not err in overruling appellant's motion to with-
   draw the cause from the jury.
The instructions requested by appellant are based on the
same theory as was advanced in said motion, and conse-
   quently the court did not err in refusing each of them.
6.   The other assignments of error are based on certain
   instructions given by the court, and the overruling of
appellant's objection to a question asked one of appellees'
witnesses.   The evidence is not in the record.   In such case
no question is presented for review, unless it affirmatively
appears that the action of the lower court was necessarily
erroneous, and probably harmful under any possible state
of the evidence.   The record in this case does not disclose
such a situation, and the last-named errors assigned cannot
be considered.   *Butt* v. *Iffert* (1909), 171 Ind. 554; *Mankin*
v. *Pennsylvania Co.* (1903), 160 Ind. 447, and cases cited.
   Judgment affirmed.