THE WESTERN CONSTRUCTION COMPANY v. BOARD OF COMMISSIONERS OF THE COUNTY OF CARROLL.

[No. 22,142.   Filed May 7, 1912.   Rehearing denied
December 18, 1912.]

1. APPEAL.—Right to Appeal.—Acceptance of Benefit Under Judgment.—It is expressly provided by §671 Burns 1908, §632 R. S. 1881, that a party obtaining a judgment shall not appeal after obtaining any money on the same, and, where it appears on appeal that appellant has accepted any benefit based on the theory of the legality of the judgment, the appeal will be dismissed.  p. 688.

2. COUNTIES.—Board of County Commissioners.—Claims.—Disallowance.—Remedy.—Under §6005 Burns 1908, §5759 R. S. 1881, the board of county commissioners may, in its discretion, allow a claim in whole or in part, as it may find it just and owing, and the claimant, if dissatisfied, has his choice of appealing to the circuit court or of bringing an independent action against the county, as provided by §6019 Burns 1908, Acts 1885 p. 80. p. 689.

3. COUNTIES.—Board of County Commissioners.—Claims.—Allowance.—Power of Board to Reconsider.—Where the board of county commissioners has made an allowance on a claim, its power

with reference thereto is exhausted and it has no jurisdiction thereafter to consider the claim in whole or in part, whether re-filed or not. p. 689.

4. COUNTIES.—*Board of County Commissioners.—Action on Claims. —Nature.*—Although the allowance, or disallowance, of a claim by a board of county commissioners is not a judgment in the ordinary sense, but rather an administrative act, such action is binding on the claimant the same as a judgment unless the claimant appeals therefrom or files an independent action under §6019 Burns 1908, Acts 1885 p. 80. p. 689.

5. COUNTIES.—*Board of County Commissioners.—Claims.—Partial Disallowance.—Acceptance of Benefit.—Effect.*—Where a claim was partially disallowed by the board of county commissioners, the acceptance by the claimant of the amount allowed operates to bar any relief as to the portion disallowed either on appeal from such action of the board or in an independent action brought against the county. p. 689.

6. APPEAL.—*Review.—Complaint.—Waiver of Right to Litigate.— Dismissal.*—An appeal will be dismissed, where it appears on the face of the complaint for the recovery of the portion of a claim disallowed by a board of county commissioners, that before the commencement of the action plaintiff had accepted payment of the amount of the claim allowed. p. 690.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by the Western Construction Company against the Board of Commissioners of the County of Carroll. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1392 Burns 1908, Acts 1907 p. 237, §1.) *Appeal dismissed.*

*George P. Haywood, Charles A. Burnett* and *Robert C. Pollard,* for appellant.

*Boyd & Julien* and *Charles R. Pollard,* for appellee.

MORRIS, C. J.—The city of Delphi entered into four separate contracts with appellant for the improvement of four streets of that city. The court-house square of Carroll county abuts on each one of the four streets. These were improved by appellant under the terms of the contract. Four assessments were made against the property of the court-house square, aggregating the sum of $8,788.58.

Appellant commenced this action in July, 1907, in the Carroll Circuit Court. After averring, in detail, the execution of the several contracts, the construction of the improvements, and the adoption of final assessment rolls by the city council of Delphi, under the provisions of the municipal corporations act of 1905 (Acts 1905 p. 219, §8711 Burns 1908) the complaint alleges: "Plaintiff further avers that among other lots and tracts of land abutting on said streets and assessed for said improvements, as aforesaid, the said common council of said city of Delphi then and there assessed upon and apportioned against, as its share and part of the costs and expense of such improvements, the certain tract and parcel of ground comprising the public square, or court-house square, which abuts on said streets in said city of Delphi, Carroll County, in the State of Indiana, and which said assessments against said public square, or court-house square, are in the words and figures following, to-wit:

Assessments against Carroll County, Indiana, court-house square:

Assessment Roll No. 1, Market Street, from north line of Main Street to south line of Franklin Street ................................... $1,816.16

Assessment Roll No. 2, Main Street, from west line of Market Street to west line of Union Street.. 2,560.52

Assessment Roll No. 3, Washington Street, from south line of alley between Front and Main Streets to south line of Franklin Street, except intersection of Main Street................. 1,839.24

Assessment Roll No. 4, Franklin Street, from west line of Market Street to west line of Union Street ................................... 2,572.66

Total amount of assessments............... $8,788.58

Plaintiff further avers that on the 25th day of January, 1906, the plaintiff herein filed in the office of the auditor of Carroll County, State of Indiana, its verified claim against Carroll County, Indiana, for presentation to the board of county commissioners of said county for allowance, based upon the assessment for the improvement of the said Main, Franklin, Market and Washington Streets around the court-house square in said city of Delphi, in the sum of eight thousand seven hundred eighty-eight and 58/100 dollars, and that thereafter, to-wit, on or about the 5th day of February, 1906, and at the February term of said board of county commissioners, the sum of seven thousand dollars was allowed by said board and paid on said claim for said street improvements around the public square; that thereafter the said board of county commissioners, in their requisition to the county council of said Carroll county, asked for an appropriation of a sum sufficient to pay the balance of plaintiff's claim, but the said appropriation was not made by said county council as requested, and that thereafter, at the December special term, 1906, of said board of county commissioners, the unpaid portion of said claim of the plaintiff herein for said street improvements, was rejected by said board of county commissioners, and the same remains due and unpaid. Plaintiff further avers that said defendant has failed and refused to pay said assessments, except the said sum of seven thousand dollars, so allowed and paid as aforesaid, although more than a year has elapsed since said improvements were completed and said assessments were made, as aforesaid."

Appellee, in the court below, filed a motion to dismiss the cause for lack of jurisdiction, because, it is averred, the complaint, on the face thereof, discloses that plaintiff had, before the bringing of the action, filed its claim before the board, which had allowed it in part, which allowance had been paid to and accepted by the claimant, and, after the

acceptance thereof plaintiff instituted this action to collect the portion of the claim not allowed by the board. This motion was overruled by the trial court, and appellee excepted. Appellee filed a demurrer to the complaint for want of facts, which was overruled. Various paragraphs of answers were then filed, and on the issues joined there was a trial by court, including special findings of facts and the court's conclusions of law thereon. Judgment for appellee. Appellant's motion for a new trial was overruled. In appellant's assignment of errors there are thirteen specifications.

Appellee has assigned cross-errors, in which, among other things, it is averred that the lower court erred in overruling its demurrer to the complaint, and in overruling its motion to dismiss, and that the Carroll Circuit Court had no jurisdiction of the cause.

Appellee has also filed here its motion to dismiss this appeal, because, it is claimed, the complaint discloses the fact that the circuit court had no jurisdiction of the subject-matter of the action. It is the theory of appellee's counsel that when appellant filed its claim against the board for $8,788.56, and the board allowed $7,000 on the claim, and appellant accepted and received payment of the amount allowed, it thereby waived its right further to litigate any question in relation to the amount of the claim that was rejected; and where the facts appear, as here, on the face of the complaint, the appeal should be dismissed.

It is expressly provided by statute that a party obtaining a judgment shall not appeal to this court after receiving any money on the same. §671 Burns 1908, §632 R.
1.    S. 1881; Ewbank's Manual §112. And if it be shown, on appeal to this court, that appellant has accepted any benefit based on the theory of the legality of the judgment appealed from, the appeal will be dismissed. *Williams* v. *Richards* (1899), 152 Ind. 528, 53 N. E. 765; *Manlove*

v. *State* (1899), 153 Ind. 80, 53 N. E. 385; Ewbank's Manual §227.

When appellant filed its claim against the board, the latter was authorized by statute, in its discretion, to allow the claim, in whole or in part, as it may have found it just and owing. §§6005, 6019 Burns 1908, §5759 R. S. 1881, Acts 1885 p. 80. When the board made the allowance, appellant, if it desired to controvert the same, had the choice of two remedies, and only two: one was to appeal to the circuit court, and the other was to bring an independent action. *Myers* v. *Gibson* (1899), 152 Ind. 500, 505, 53 N. E. 646. The board exhausted its powers in making the allowance. It had no jurisdiction thereafter to consider the claim, in whole or in part, whether refiled or not. *Myers* v. *Gibson, supra,* and cases cited; *Sudbury* v. *Board, etc.* (1901), 157 Ind. 446, 62 N. E. 45.

An allowance, or disallowance, of a claim, by a board of commissioners is not a judgment within the ordinary meaning of that word. In such case, the board acts in an administrative capacity, as a board of audit. *Sudbury* v. *Board, etc., supra,* 458. In many respects however, the action of the board is as binding on the claimant as is a judgment, and unless resort is had to one of the two statutory remedies above mentioned, the action of the board is conclusive against the claimant. 28 Cyc. 1751.

In bringing an independent action against the board, in the circuit court, no right accrued to appellant which it would not have had on appeal, from the allowance of the board, to the circuit court. Had appellant appealed to the circuit court from the allowance by the board, after having accepted payment of the allowance, we perceive no reason why such acceptance should not bar relief, on appeal, just the same as an acceptance of a benefit

under a judgment of a circuit court precludes relief therefrom on appeal to this court.

It is thoroughly settled in this State, that in condemnation proceedings under our eminent domain act, the landowner cannot accept the award of the appraisers and afterward contest it on appeal to the circuit court. *Baltimore, etc., R. Co.* v. *Johnson* (1882), 84 Ind. 420; *Holland* v. *Spell* (1895), 144 Ind. 561, 42 N. E. 1014; *Test* v. *Larsh* (1881), 76 Ind. 452; *Indianapolis Traction, etc., Co.* v. *Ripley* (1911), 175 Ind. 103, 93 N. E. 546.

It is a rule of general acceptance, in other jurisdictions, that where an auditing board of a municipal corporation allows a part of a claim and rejects the balance, the claimant, in accepting the amount allowed, although less than the sum claimed, thereby waives his right to litigate in relation to the balance rejected. *Sharp* v. *City of Mauston* (1896), 92 Wis. 629, 66 N. W. 803; *Davey* v. *City of Big Rapids* (1891), 85 Mich. 56, 48 N. W. 178; *Perry* v. *Village of Cheboygan* (1884), 55 Mich. 250, 21 N. W. 333; *Callahan* v. *Mayor, etc.* (1875), 6 Daly (N. Y.) 230; *Callahan* v. *Mayor, etc.* (1876), 66 N. Y. 656; 28 Cyc. 1752. The above rule was recognized by this court in *Butler* v. *Board, etc.* (1912), 177 Ind. 440, 98 N. E. 185.

In this case the complaint affirmatively shows that appellant, before commencing this action, voluntarily accepted payment of the $7,000 allowance made by the board. 6. It thereby lost the right of further litigating its claim, or any part thereof, and this appeal should be, and is, dismissed.

Note.—Reported in 98 N. E. 347. See, also, under (1) 2 Cyc. 652; (2, 5) 11 Cyc. 599; (3) 11 Cyc. 592; (4) 11 Cyc. 598. The question of the right of municipal corporation, county or town authorities to reconsider action as to allowance of claim is treated in a note in 21 L. R. A. (N. S.) 289.