### UNITED STATES v. ROGERS et al.

(Circuit Court of Appeals, Eighth Circuit. March 25, 1919.)

No. 5166.

1. EMINENT DOMAIN ☞148—JUST COMPENSATION—INTEREST AS ELEMENT OF COMPENSATION.

An award for land taken under Reclamation Act June 17, 1902 (Comp. St. §§ 4700–4708), three years before condemnation proceedings were instituted under section 7 of the act (section 4706), held to properly include an amount equal to interest at the legal rate of the state until time of payment of the value of the land fixed by commissioners as of the date of the taking, not for interest as such, but as an element of the just compensation to which the owner is entitled under the Constitution.

2. UNITED STATES ☞110—LIABILITY FOR "INTEREST."

In the rule of immunity of the government from liability for interest. the word "interest" is generally used as meaning compensation for the use or forbearance of money, or damages for its detention.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

3. EMINENT DOMAIN ☞122—"JUST COMPENSATION."

"Just compensation" rests on equitable principles, and it means substantially that the owner should be put in as good position pecuniarily as he would have had, if his property had not been taken.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Just Compensation.]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Condemnation proceeding by the United States against William E. Rogers and others. From the award of compensation, the United States brings error. Affirmed.

P. W. Dent, Dist. Counsel U. S. Reclamation Service, of El Paso, Tex. (S. Burkhart, U. S. Atty., of Albuquerque, N. M., and J. O. Seth, Asst. U. S. Atty., of Santa Fé, N. M., on the brief), for the United States.

J. M. Hervey, of Roswell, N. M. (W. C. Reid and George S. Downer, both of Albuquerque, N. M., on the brief), for defendants in error.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

HOOK, Circuit Judge. [1] This is a writ of error by the government to review awards in condemnation proceedings instituted by it in the court below. Act Aug. 1, 1888, c. 728, 25 Stat. 357 (Comp. St. §§ 6909, 6910); Reclamation Act June 17, 1902, c. 1093, 32 Stat. 388 (Comp. St. §§ 4700–4708). The only questions involved are whether the landowners are entitled to interest as part of the awards, and, if so, from what time and at what rate?

Lands of the defendants in error in New Mexico were appropriated by the government for public use in a reclamation project. They were actually taken by flooding on April 19, 1912, and private use and enjoyment thereafter were destroyed. Formal proceedings in condemnation were not begun until January 18, 1915, when the government filed its petition in the court below for that purpose. The petition expressly averred that the lands "were flooded and thereby appropriated by the government of the United States" on April 19, 1912, but that no compensation had yet been paid. The prayer of the petition asked, among other things, that the lands be decreed to be the property of the government "from the date of the said taking or the appropriation thereof." Commissioners were appointed to assess the damages. Their report, February 23, 1917, was confirmed by the court, and on July 27, 1917, the government was directed to pay the awards to the clerk for the benefit of the defendants in error. The commissioners followed the customary practice of valuing the property as of the time of appropriation, and they therefore stated in their report that the amounts awarded were as of April 19, 1912; also that they had included therein no interest to the time the government's petition was filed or to the date of their report. Upon motion of the defendants in error the court, by supplemental order on October 1, 1917, required the government to deposit with the clerk, in addition to the amount of the awards, a sum equal to interest thereon at 6 per cent. per annum from April 19, 1912, to the time the deposit was made. The addition required was not interest as such, but a sum equal to interest.

It is urged that no interest can be allowed against the United States in a condemnation case for any period prior to final judgment, or for

any period prior to an order of the court placing the United States in possession of the lands condemned; also that, irrespective of the time for computation, there is no authority of law for a rate of 6 per cent. Among the many authorities relied on is United States v. Bayard, 127 U. S. 251, 260, 8 Sup. Ct. 1156, 1161 (32 L. Ed. 159), where the court said:

"It has been established, as a general rule, in the practice of the government, that interest is not allowed on claims against it, whether such claims originate in contract or in tort, and whether they arise in the ordinary business of administration or under private acts of relief, passed by Congress on special application. The only recognized exceptions are where the government stipulates to pay interest, and where interest is given expressly by an act of Congress, either by the name of interest or by that of damages."

Section 177 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1141 [Comp. St. § 1168]; Rev. Stats. § 1091) provides:

"No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the Court of Claims, unless upon a contract expressly stipulating for the payment of interest."

Without further reference to the many authorities cited, it may be said that the position of the government is fully illustrated by the above excerpt and statute. We think that the question is settled in this court by United States v. Sargent, 89 C. C. A. 81, 162 Fed. 81, in which interest at 6 per cent. was allowed in a similar case as a part of the "just compensation" required by the Fifth Amendment to the Constitution. In the matter of the time and the rate of interest, the court followed the rule in Minnesota, where the property was located and the condemnation proceedings were had. The case was taken to the Supreme Court, but was afterwards dismissed on the motion of the Solicitor General. In New Mexico, where the case at bar arose, the legal rate is 6 per cent. In Atchison, T. & S. F. R. Co. v. Richter, 20 N. M. 278, 148 Pac. 478, L. R. A. 1916F, 969, it was held that the owner should have interest "from the time his possession is invaded * * * either with or without an order of court."

[2] In the rule of immunity of the government from liability for interest, the term "interest" is generally used as meaning compensation for the use or forbearance of money, or damages for its detention. But the position of the government in the case at bar is not like that which it occupies when a claim or demand on contract is asserted against it. True, it is said that, when the government takes possession of private property for public use in advance of formal proceedings in eminent domain, the right of the acquiescing owner arises ex contractu (United States v. Great Falls Mfg. Co., 112 U. S. 645, 5 Sup. Ct. 306, 28 L. Ed. 846); but that is by way of implication that compensation is intended by the government, instead of a trespass for which the landowner has no enforceable remedy. The duty and obligation to make just compensation in such a case is fundamental, and whatever is an essential element in that compensation cannot be excluded, even by legislative enactment. The question of compensation is a judicial one. Monongahela Navigation Co. v. United States, 148 U. S. 312, 327, 13 Sup. Ct. 622, 37 L. Ed. 463.

[3] Just compensation rests on equitable principles, and it means substantially that the owner should be put in as good position pecuniarily as he would have had if his property had not been taken. United States v. Nahant, 82 C. C. A. 470, 153 Fed. 520. When in the exercise of its sovereign power the government actually appropriates and takes possession of private property in advance of proceedings in condemnation, interest from the time of taking is in a sense a convenient commutation of the value of the use of the property or the direct loss the owner sustains until the value of the property itself is paid by deposit in court or otherwise. Something of substance is lacking in an award that omits all consideration of the time of the prior actual taking. That would be obvious in the case of a completed office building, and the difference here is but in degree, not in principle. An instance in which interest was regarded as an integral part of the principal sum in issue, and not within the statutes and decisions exempting the government, may be found in United States v. New York, 160 U. S. 598, 619, 16 Sup. Ct. 402, 40 L. Ed. 551. That was not a case of appropriation of private property, but there is a relevant analogy. In United States v. Cress, 243 U. S. 316, 319, 37 Sup. Ct. 380, 61 L. Ed. 746, the judgment of the District Court, which was affirmed, embraced interest, but the period for which it was allowed does not definitely appear. United States v. First Nat. Bank (D. C.) 250 Fed. 299, Ann. Cas. 1918E, 36, is in point. There the government took possession of property some months before commencing condemnation proceedings in the District Court. In instructing the commissioners respecting their duties the court said:

"The sole question for you to determine, in each one of the cases, is the value of the lands and the property at the time of the actual taking and occupation by the United States, together with interest at the rate of 8 per cent. per annum, the legal rate in Alabama, on said sums so ascertained by you, from the date of such actual taking and occupation."

The proceedings in that case were under Act July 2, 1917, c. 35, 40 Stat. 241 (Comp. St. 1918, § 6911a), which provided that they should "be prosecuted in accordance with the laws relating to suits for the condemnation of property of the states wherein the proceedings may be instituted." But, as regards the essential elements of the just compensation to be paid, the requirement is not different from the conformity provisions of section 2 of the act of August 1, 1888, supra, applicable to the case at bar.

The order is affirmed.