SCHNULL ET AL. v. INDIANAPOLIS UNION RAILWAY
COMPANY.

[No. 23,473.   Filed May 20, 1921.]

1. EMINENT DOMAIN.—*Limitation upon Power.—Constitutional
   Provisions.—Compensation.*—The only constitutional inhibition
   on the authority of the legislature to enact laws for the tak-
   ing of private property for public use is that, under the Con-
   stitution, Art. 1 §21, such property shall not be taken by law
   without just compensation, nor, except in case of the State,
   without such compensation first assessed and tendered.   p. 575.

2. EMINENT DOMAIN.—*Exercise of Power.—Statutes.—Consti-
   tutionality.*—The act of 1905 (Acts 1905 p. 59, §929 et seq.
   Burns 1914), relating to the taking of private property under
   the power of eminent domain, meets the constitutional require-
   ment (Constitution Art. 1 §21), as to compensation for prop-
   erty so taken, in that it provides the procedure to be followed,
   reserves title to the owner until payment therefor is fully
   made, provides for "just compensation" at the time of notice
   of intended appropriation by requiring "actual value" as the
   basis of all property actually taken, and "actual value" as the
   basis of damages to the landowners' property not actually
   taken, but injuriously affected by such appropriation.   p. 575.

3. EMINENT DOMAIN.— *Payment of Damages.— Appeal from
   Award.—Vesting of Title.—Statutes.*—While the payment to
   the clerk of the appraisers' award under Acts 1905 p. 59,
   §929 et seq. Burns 1914, relating to the appropriation of land
   under the power of eminent domain, entitles the condemnor
   to the possession of the land involved, yet such possession,
   during the pendency of an appeal and until compliance with
   the orders and judgment of the court, gives such party no
   greater right than that of a licensee.   p. 576.

4. EMINENT DOMAIN.—*Acceptance of Award.—Right of Ap-
   peal.—Statutes.*—A landowner accepting payment of the ap-
   praisers' award for land condemned under Acts 1905 p. 59,
   §929 et seq. Burns 1914, relating to the appropriation of land
   under the power of eminent domain, is precluded from pros-
   ecuting his exceptions to the award.   p. 576.

5. EMINENT DOMAIN.—*Appraisers' Award.—Appeal.—Power of
   Court.—Statutes.*—On appeal to the circuit court from an
   award of appraisers under Acts 1905 p. 59, §929 et seq. Burns
   1914, relating to the appropriation of land under the power of
   eminent domain, the court has the power, under §8 of the

Act, to go further than the appraisers and may make such orders and findings and render such judgment as upon the evidence would satisfy the constitutional guaranty of just compensation, and may also use the statutory provisions directed to the appraisers for its guidance in determining the same question submitted to the appraisers.   p. 577.

6.  EMINENT DOMAIN. —*"Just Compensation."*— *Constitutional Provisions.*—"Just compensation," as used in the Constitution, Art. 1, §21, for property presently taken must necessarily mean its present value presently paid, and not its present value to be paid in the future without interest.   p. 579.

7.  EMINENT DOMAIN.—*Compensation.*—*Constitutional Guaranty. Conflicting Statutes.*—*Validity.*—The constitutional guaranty (Constitution Art. 1. §21,) as to just compensation for land taken is paramount to any statute, and a statute not in keeping with such guaranty would be unconstitutional.   p. 579.

8.  EMINENT DOMAIN.—*Appraisers' Award.*—*Appeal.*—*Increased Award.*—*Interest.*—Where, in a proceeding to appropriate land under the power of eminent domain pursuant to §929 *et seq.* Burns 1914, Acts 1905 p. 59, the landowner rejects the tender of the appraisers' award, and successfully prosecutes his appeal, or in case the condemnor appeals and thereby prevents such owner from using the money thus tendered or paid into court, he is entitled to interest upon the full amount of the award as determined on appeal from the time the condemnor took possession of the property under the provisions of the statute.   p. 581.

From Marion Circuit Court (25,437); *Louis B. Ewbank,* Judge.

Proceedings by the Indianapolis Union Railway Company against Gustav A. Schnull and others to condemn lands. From the judgment rendered, the landowners appeal. *Reversed.*

*Smith, Remster, Hornbrook & Smith* and *John G. Rauch,* for appellants.

*Baker & Daniels,* for appellee.

MYERS, J.—Appellee, as an Indiana corporation and engaged in operating the Belt Railroad and railroad union passenger station in the city of Indianapolis, commenced proceedings in the court below to condemn cer-

tain property belonging to appellants and required by it conformably to specifications and plans adopted for the elevation of railroad tracks in the city of Indianapolis. Appraisers were appointed who awarded to appellants compensation and damages in the sum of $22,520.80. Appellee immediately paid to the clerk of the court below the damages thus assessed, and on August 10, 1915, took possession of the property thus condemned. Within ten days after the appraisers filed their report, appellants filed written exceptions thereto. Upon a trial before the court of the issues thus joined, the exceptions were sustained, and appellants' compensation and damages assessed at $26,200, with six per cent. interest per annum from August 10, 1915, to date of judgment, March 22, 1918, on the increase over the award of the appraisers, in all aggregating $26,778.86, for which judgment was accordingly entered. Thereupon appellee paid to the clerk $4,258.06, being the full amount of the increase, $3,679.20, and interest thereon. A motion to amend and modify the judgment to include interest on the entire award of $26,200 was overruled, and this ruling furnishes the basis for the only error here assigned.

Appellants insist that they were entitled to judgment in the amount of damages as found by the court, plus interest on that sum from the date appellee took possession of the property to the date judgment was entered. The effect of appellants' argument is that, while the payment of the appraisers' award gave appellee the right to immediate possession of the property condemned, yet it was bound to know that such appraisement did not conclusively determine the question of compensation for the property thus taken, for under the statute which gave appellee its asserted right, provision is made whereby either party aggrieved may, within ten days after the filing of such assessment, file

written exceptions thereto, and upon a trial thereof have the question of just compensation determined by the court *de novo*.

Upon the face of the proceedings before us, the situation of the parties—appellants and appellee—will at once attract attention, because of the seeming appearance that both have rested on their legal rights and with no chargeable default. We are thus brought to a consideration of the claims of each of these parties, measured by the law of eminent domain enacted by the legislature of this state in 1905. Acts 1905 p. 59, §§929-940 Burns 1914.

The briefs in this case contain some discussion concerning the provisions of a law that would or would not meet the requirements of our Constitution. However this may be, it is sufficient to say, that the only constitutional inhibition in this state on the general assembly's authority to enact laws for the taking of private property for public use, as in this case, is that such property shall not be taken by law without just compensation first assessed and tendered. Constitution Art. 1, §21; *Consumers' Gas Trust Co.* v. *Harless* (1892), 131 Ind. 446, 29 N. E. 1062, 15 L. R. A. 505. Conforming to this constitutional provision, the legislature had the right to prescribe, and has prescribed, the manner in which such just compensation shall be ascertained. *Lake Erie, etc., R. Co.* v. *Kinsey* (1882), 87 Ind. 514. That act meets the constitutional requirement, in that it provides the procedure to be followed, reserves title to the owner until payment therefor is fully made, and by §6 meets "just compensation" at time of notice of intended appropriation by requiring "actual value" of all property actually taken, and "actual value" as the basis of damages to the landowners' property not actually taken but injuriously affected by such appropriation, §934 Burns 1914, *supra*.

*Smith* v. *Cleveland, etc., R. Co.* (1907), 170 Ind. 382, 400, 81 N. E. 501.

Counsel for appellee insist, as we understand them, that the payment of the appraisers' award to the clerk of the court, as provided by §7 of that act, gave appellee the right "to take possession of and hold the interest in the lands so appropriated" on the theory that *prima facie* actual value had been ascertained, but subject to review on appeal as of the date of the original notice.

In the instant case, appellants timely filed exceptions to the appraisers' award on the ground of failure to award actual value. By this means an appeal was taken to the circuit court where the question of actual value or just compensation was tried *de novo*. *Indianapolis Traction, etc., Co.* v. *Ripley* (1911), 175 Ind. 103, 93 N. E. 546; *Swinney* v. *Ft. Wayne, etc., R. Co.* (1877), 59 Ind. 205, 217; *Indianapolis, etc., Traction Co.* v. *Dunn* (1905), 37 Ind. App. 248, 76 N. E. 269.

Hence, while the payment made by appellee entitled it to possession of the land, yet such possession, during the pendency of the appeal and until compliance with the orders and judgment of the court, gave it no greater right than that of a licensee. *Lake Erie, etc., R. Co.* v. *Kinsey, supra; Terre Haute, etc., R. Co.* v. *Crawford* (1885), 100 Ind. 550, 557; *Ft. Wayne, etc., Trac. Co.* v. *Ft. Wayne & W. R. Co.* (1908), 170 Ind 49, 16 L. R. A. (N. S.) 538; *Indianapolis, etc., Traction Co.* v. *Dunn, supra.* On the other hand, it is equally well settled that the exceptors were precluded from accepting the payment so made to the clerk if they would maintain their standing in court to prosecute their exceptions. *Western Construction Co.* v. *Board* (1912), 178 Ind. 684, 690, 98 N. E. 347; *Indianapolis Traction, etc., Co.* v. *Ripley, supra; Baltimore, etc., R. Co.* v. *Johnson* (1882), 84 Ind. 420.

Looking to the question for decision and keeping in

mind the common-law rule regarding interest, as well as the statute involved which makes no provision

5. for an interest charge as such, still, under the rule that that is certain which may be made certain, the statute does fix the time when compensation and damages shall accrue to the landowner and the amount he shall receive. These statutory provisions, while obviously directed to the appraisers, are nevertheless for the guidance of the court in its determination of the same question submitted to the appraisers. *St. Louis, etc., R. Co.* v. *Fowler* (1893), 113 Mo. 458, 20 S. W. 1069. However, the court is not thus limited, for the statute expressly provides (§8, Acts 1905 p. 59, §936 Burns 1914) that "the court may make such further orders, and render such findings and judgments as may seem just." If this provision means anything, as applied to this case, the court had power to go further and make such orders and findings and render such judgment as upon the evidence would satisfy the constitutional guaranty of just compensation. Unless the court has such power, our law of eminent domain is faulty and must be condemned as partly or wholly unconstitutional. *Toledo, etc., R. Co.* v. *Wilson* (1908), 44 Ind. App. 213, 86 N. E. 508, 88 N. E. 864.

If the interpretation of the language last above quoted may be regarded as recognizing a discretion in the trial court to make such further orders, findings and judgment as is shown to be equitable and right, then the question of the abuse of that discretion is clearly and unmistakably presented by the record before us. The trial court prepared its orders, findings and judgment affirmatively showing no allowance or compensation to appellants for any loss they may have sustained during the pendency of the appeal by reason of appellee's exclusive possession of the property appropriated, other

than interest on the difference between the amount reported by the appraisers and the amount adjudged by the court to be just compensation for the property taken and damages to the property not taken but injuriously affected. The precise question here presented is before this court for the first time. The parties to this proceeding were left to their own construction of the statute and the course they would choose to follow. Appellants refused to abide by the appraisers' award and filed exceptions to the report, as the statute plainly gave them the right to do. They thereby in effect refused appellee's tender on the ground that the assessment so made and tendered was not "just compensation" for the property taken and that injuriously affected. Thus they presented two propositions to appellee, namely: Pay the amount of the appraisers' award to the clerk of the court and take possession of the property so appropriated, or keep its money and await the final determination of the proceeding.

In the face of the appeal, and knowing that appellants could not accept the amount awarded by the appraisers without abandoning their appeal, appellee decided to pay the appraisers' award and take possession of the land. By so doing, both parties to the proceeding, as disclosed by this record, lost the use of $22,520.80, and appellants were excluded from the use of their property during the pendency of the appeal, on account of appellee's failure to tender just compensation in compliance with the above mentioned constitutional provision and legislative enactment, as was later so adjudged by the trial court. In *Lake Erie, etc., R. Co.* v. *Kinsey, supra,* it was said: "Just compensation must be first made or tendered. The verdict of the jury and the judgment of the court determine what that just compensation is." Just compensation once attained related back to the time of giving the original notice.

Other jurisdictions having practically the same constitutional provision as here, with reference to the payment of just compensation for private property

6. taken for public use, are in accord in holding that where possession of the property is taken by the condemnor under facts very similar to the facts in this case, interest should be allowed from the time such possession is taken to the time of payment, although payment is delayed, as in this case, by the landowner's appeal from the initial award. For as said in the case of *Appleton Water Works Co.* v. *Railroad Commission* (1913), 154 Wis. 121, 131, 142 N. W. 476, (47 L. R. A. [N. S.] 770, Ann. Cas. 1915B, 1160) : "Just compensation for property presently taken must necessarily mean its present value presently paid. It cannot mean its present value to be paid two years in the future without interest."

This was not an action for the recovery of damages because of any wrong or negligence of appellee; consequently cases of that class wherein the question

7. of allowing interest as a part of the damages to be assessed, and frequently debated and decided both for and against such allowance, may be eliminated. *Calkins* v. *Salina, etc., R. Co.* (1918), 102 Kan. 835, 172 Pac. 20. In the present case compensation and damages accrued to appellants from the enforcement by appellee of a legal right, so that beyond question, if appellee would acquire the property sought to be appropriated, it must pay its "actual value"—just compensation— which may be readily ascertained by recognized standards of valuation. In this class of cases, actual value at a specified time of the property sought to be appropriated is fixed by statute as the basis for determining just compensation which is guaranteed by the Constitution. The constitutional guaranty is paramount to any statute, and a statute not in keeping with such

guaranty would be unconstitutional. *Stolze* v. *Milwaukee, etc., R. Co.* (1902), 113 Wis. 44, 57, 88 N. W. 919, 90 Am. St. 833.

The subject of interest as a part of such compensation to be paid has received attention in many courts and by many text writers. In 3 Elliott, Railroads (3d ed.) §1283, it is said: "Where the taking is not complete until the damages are paid, if the railroad company secures possession of the land pending an appeal, by paying into court the amount of the original assessment, it will be liable for interest from that date on the amount of damages as finally determined, in case the assessment is increased. Where the jury were instructed that interest from the time the property was taken constituted a part of the plaintiff's damages, it will be presumed that interest to the date of the verdict is included therein, and judgment should be rendered simply for the amount of the verdict, but, it is proper to have assessment on appeal made as of the date of the original award, and the court should, in such case, add interest to the amount of the verdict in rendering judgment."

Lewis in his work on Eminent Domain, speaking to the question of interest says: "The question of interest in condemnation cases has been the subject of much diversity of opinion. In the absence of any statutory provisions controlling the subject, the rules in respect to interest must be derived from the constitutional provision requiring just compensation to be made for property taken." 2 Lewis, Eminent Domain (3d ed.) §742.

Authorities may be found sustaining the action of the trial court in this case in allowing interest on the excess over the amount awarded by the appraisers. *Matter of Board of Water Commissioners* (1909), 132 App. Div. (N. Y.) 75, 79, 116 N. Y. Supp. 495; *Shattuck* v.

*Wilton R.* (1851), 23 N. H. 269; *St. Louis, etc., R. Co.* v. *Fowler, supra; Chicago, Sante Fe, etc., R. Co.* v. *Eubanks* (1895), 130 Mo. 270, 32 S. W. 658. In each of these cases, and all others we have examined thus deciding, were grounded upon the theory that the landowner had a right to accept and use the money so paid in for his benefit without prejudice to his right of appeal. But where, as here, the landowner cannot at the same time, both accept and prosecute, he is entitled to interest, although the appropriator has tendered to him or paid into court for his benefit the initial appraisement. If he accepts the award he thereby affirms the validity of the statute under which the award was made, including its provisions for compensation, and he will not be allowed to recover interest if the statute does not provide for it.

The rule ought to be, and we hold, that if a landowner rejects the tender and successfully prosecutes his appeal, or in case the condemnor appeals and thereby prevents such owner from using the money thus tendered or paid into court, he would be entitled to interest upon the full amount of the award as determined on appeal from the time the condemnor took possession of the property. *Moll* v. *Sanitary District* (1907), 228 Ill. 633, 81 N. E. 1147; *Atlantic & Great Western R. Co.* v. *Koblentz* (1871), 21 Ohio St. 334; *Gulf R. Co.* v. *Owen* (1871), 8 Kan. 409; *Hay* v. *Commonwealth* (1903), 183 Mass. 294, 67 N. E. 334; *Southern, etc., R. Co.* v. *Shuttleworth* (1915), 38 R. I. 216, 94 Atl. 738; *Hayes* v. *Chicago, etc., R. Co.* (1884), 64 Iowa, 753, 19 N. W. 245. In the case last cited, it is said: "Where the land-owner is kept out of both the use of the money and the use of the land, he is entitled to what would be equivalent to six per cent. interest upon the money." Citing *Daniels* v. *Chicago, etc., R. Co.* (1875), 41 Iowa 52; *Hartshorn* v. *B. C. R., etc., Co.*

(1879), 52 Iowa 613, 616. "Just compensation rests on equitable principles, and it means substantially that the owner should be put in as good position pecuniarily as he would have had if his property had not been taken." *United States* v. *Rogers* (1919), 257 Fed. 397, 168 C. C. A. 437. The principle supporting an interest allowance is the duty and obligation to make just compensation. "Whatever is an essential element in that compensation cannot be excluded, even by legislative enactment." *United States* v. *Rogers, supra; Webster* v. *Kansas City & S. R. Co.* (1893), 116 Mo. 114, 121, 22 S. W. 474; *Fell* v. *Union Pac. R. Co.* (1907), 32 Utah 101, 111, 88 Pac. 1003, 28 L. R. A. (N. S.) 1, 13 Ann. Cas. 1137; *Warren* v. *First Div., etc., R. Co.* (1875), 21 Minn. 424.

In conclusion we hold that appellants' motion to modify the judgment should have been sustained, and to overrule it was reversible error.

Judgment reversed, with instructions to the trial court to sustain appellants' motion to modify the judgment so as to include interest at the rate of six per cent. per annum from August 10, 1915, on $26,200, and for further proceedings not inconsistent with this opinion.

Ewbank, J., not participating.