**Mac R. PERLMAN, Sylvia Perlman, and Alan J. Pearlman, Plaintiffs-Appellants,**

v.

**PERMONITE MANUFACTURING CO., and Midland Enterprises, Inc., Defendants-Appellees.**

No. 83–2429.

United States Court of Appeals, Seventh Circuit.

Argued May 7, 1984.

Decided June 4, 1984.

As Amended June 19, 1984.

William J. Harte, Chicago, Ill., for plaintiffs-appellants.

Allan E. Lapidus, Vedder, Price, Kaufman & Kammholz, Chicago, Ill., for defendants-appellees.

Before CUMMINGS, Chief Judge, BAUER, Circuit Judge, and FAIRCHILD, Senior Circuit Judge.

BAUER, Circuit Judge.

Effective July 31, 1979, Midland Enterprises Inc., an Indiana corporation, and its wholly-owned subsidiary Enna Enterprises Inc., an Illinois corporation, merged into Permonite Manufacturing Company, an Illinois corporation. Under the merger agreement, Midland shares were converted into Permonite shares. The appellants collectively held forty-eight shares of the total 145 issued and outstanding shares of Midland on July 31. The appellants chose not to participate in the merger and dissented from it. On August 1, 1979, Permonite sent a letter to each of the dissenting shareholders and offered to purchase their shares of Midland stock for $3,435.00 per share. The appellants rejected this offer and commenced this action pursuant to Indiana Code § 23–1–5–7 (Burns 1984), seeking judicial appraisal of the fair market value of their shares. Jurisdiction in the district court was based upon diversity of citizenship, and the dissenting shareholders allegation that the shares were worth in excess of ten thousand dollars. After a bench trial, the district court determined that the value of the forty-eight shares at the time of the July 31 merger was $2,849.45 per share. The appellants appeal this determination and allege various errors in the district court's analysis.

The district court's opinion is published at 568 F.Supp. 222 (N.D.Ind.1983). The court carefully analyzed each of the dissenting shareholders' claims and correctly applied the law. We agree with each of these determinations. Insofar as the district court decision constitutes findings of fact, they are not clearly erroneous. Accordingly, we affirm the district court judgment and adopt its opinion as the opinion of this court.

AFFIRMED.