Victor DICANIO, et al., Appellants,
(Plaintiffs Below),

v.

The STATE BANK OF WASHINGTON,
Appellee, (Defendant Below).

No. 1–1085A257.

Court of Appeals of Indiana,
First District.

June 10, 1986.

Rehearing Denied July 11, 1986.

Jeffrey E. Hayes, Hayes, Hayes & Smith, Richard C. Rusk, Rusk, Overton & Hoefling, Washington, for appellants.

James H. Hamm, III, Timothy J. Haffner, Baker & Daniels & Shoaff, Fort Wayne, Harry W. Hanson, Fitzpatrick, Chambers, Waller, Leonard & Hanson, Washington, for appellee.

ROBERTSON, Presiding Judge.

Appellants-plaintiffs Victor Dicanio et al. (Dicanio), former shareholders who dissented to the merger of the appellee State Bank of Washington (Bank), appeal from a judgment for the value of their shares without interest from the valuation date to judgment.

We affirm.

A majority of Bank's shareholders approved and adopted a proposed merger involving Bank on August 30, 1983. Thereafter, Dicanio (and other dissenters) made a timely demand for payment of the value of their shares. In response, Bank offered Dicanio the sum of $47 per share. After failing to reach agreement on the shares' value, Dicanio filed suit against Bank. On July 11, 1985, the court determined that the value of Bank's stock on August 29, 1983, the statutory valuation date, was $77 per share. The trial court overruled Dicanio's

various motions demanding prejudgment interest from August 29, 1983, to the date of judgment.

The sole issue presented for appeal is whether the trial court erred in denying Dicanio prejudgment interest on the judgment representing the value of the stock.

■ The rights of stockholders who vote in opposition to merger of a bank are governed by the Financial Institutions Act, at IND. CODE § 28–1–7–21 (Supp.1984). By amendment effective April 18, 1983, the General Assembly rewrote section 21, in part by deleting this language contained in the former section:

> The practice, procedure and judgment in the circuit or superior court upon such petition shall be the same, so far as practicable, as that under the eminent domain laws in this state.

IND. CODE 28–1–7–21 (Supp.1984). Landowners are entitled to prejudgment interest from the date of taking in eminent domain proceedings. IND. CODE § 32–11–1–8; *Schnull v. Indianapolis Union Ry. Co.*, (1921) 190 Ind. 572, 131 N.E. 51.

The new I.C. 28–1–7–21 applies in the instant case as Dicanio concedes, because the merger of Bank was adopted in August 1983. Under both the former and re-written sections, no provision is made for prejudgment interest where the court must determine the value of the shares.

This court has held that prejudgment interest is not required under a correlative provision of the Indiana General Corporation Act, which contained the language relating to the eminent domain laws.[1] *General Grain, Inc. v. Goodrich*, (1967) 140 Ind.App. 100, 221 N.E.2d 696; *accord, Perlman v. Permonite Manufacturing Co.* (7th Cir.1984) 734 F.2d 1283. Our conclusion that I.C. 28–1–7–21 (Supp.1984) does not provide for prejudgment interest is made more compelling under *General Grain.*

Dicanio contends that, in spite of the General Assembly's failure to provide in I.C. 28–1–7–21 for prejudgment interest to dissenting shareholders, the court should have ordered prejudgment interest consistent with Indiana Constitution Article I, Section 21:

> ... no man's property shall be taken by law, without just compensation; ...

Dicanio's argument continues that because the dissenting stockholders are deprived of ownership of their stock by operation of I.C. 28–1–7–21 following a merger adopted by the majority, the dissenters are entitled to prejudgment interest as in all condemnation cases under *Schnull, supra.*

■ Although courts in Indiana have not confronted this precise constitutional issue, we agree with authority on the matter in another jurisdiction, which holds that the merger of a corporation in which a dissenting stockholder owns stock is not a "taking" of the stock, as in condemnation proceedings. *Pittston Co. v. O'Hara*, (1951) 191 Va. 886, 63 S.E.2d 34. Rather, a merger is effected under authority of statute, which is part of the contract between the corporation and its stockholders. *Pittston, supra*, 63 S.E.2d at 39; *Norton v. Union Traction Co. of Indiana*, (1915) 183 Ind. 666, 110 N.E. 113 (consolidation authorized by statute); *In re Janssen Dairy*, (1949) 2 N.J.Super 580, 64 A.2d 652 (appointment of appraisers authorized by statute).

Under the terms of I.C. 28–1–7–21, the dissenters may elect to retain their stock in the merged corporation, or to collect the cash value of their shares. Dicanio's position that his stock was "taken" by operation of law when the merger was effected is unpersuasive and without authority.

■ Moreover, prejudgment interest is proper when the damages are ascertainable in accordance with fixed rules of evidence and accepted standards of valuation at the time the damages occurred. *Indiana Industries, Inc. v. Wedge Products*, (1982) Ind.App., 430 N.E.2d 419. In the present case, it is readily apparent that determination of the value of the stock, the only issue to be resolved at trial, was dependent

---

1. IND. CODE § 23–1–5–7 (1982).

upon evidence relating to different methods of valuation. Therefore, Dicanio's claim was unliquidated, and the trial court properly denied prejudgment interest. *Cf. King v. Southwestern Cotton Oil Co.,* (1978) Okl.Ct.App. 585 P.2d 385.

Judgment affirmed.

NEAL and RATLIFF, JJ., concur.