## The Township of Dayton v. Henry Rounds; and The Township of Dayton v. Robert E. Warren.

*Bounty bonds: Statute construed: Remedy: Mandamus.* Under the statute (*Comp. L. 1871*, §§ *3927-36*) authorizing the payment of bounties to volunteers, etc., the bonds provided for are intended to be put upon the footing of established liabilities against the township, to be presented, like other claims, for orders on the treasury, to the township board; and an action against the township is not the proper remedy to enforce payment; but the proper redress for any refusal of the town officers to do their duty in this regard is by *mandamus*.

*Submitted on briefs April 11.    Decided April 15.*

Error to Tuscola Circuit.

*B. W. Huston, Jr.*, for plaintiff in error.

*M. D. Seeley* and *Minock & Baker*, for defendant in error.

CAMPBELL, J.

Both of these cases are suits to recover upon bounty bonds, issued by the township of Dayton in December, 1863, payable February 10, 1865, and within the terms of the enabling act of February 5, 1864.

By the first section of that act it was declared that these bonds "shall be a valid and lawful claim against the township, county or city having voted, raised, hired, authorized or issued the same, and shall be paid in the same manner as the ordinary township, county or city expenses are paid."—*Comp. L. 1871,* § *927.*

By the fourth section it is provided that "the claims and liabilities herein declared to be valid" "shall be assessed, levied, collected and paid, in the same manner as ordinary claims and liabilities are assessed, levied and paid."—§ *930.*

Section 2 requires the allowance and payment of such claims, except as therein otherwise provided, to be made in the same manner as ordinary claims are allowed and paid. Section 5 requires the township clerks to certify each year to the supervisors the amount of such indebtedness, to be incorporated in the assessment roll.

It was evidently the design of the legislature to put these bonds on the footing of established liabilities against the township, to be presented, like other claims, for orders on the treasury, to the township board. All moneys drawn from the treasury for their payment were to be upon the customary orders. If the bonds were actually issued by the township, the law declared them valid, and permitted no inquiry into that question. But it did not dispense with the necessity of seeking their payment in the ordinary way.

A remedy by action is not the proper remedy in such a case. And any refusal by the town officers to do their duty should be redressed by *mandamus.* A township ought not to be subjected to the expense of a suit upon such a claim when the law requires it to be presented to a board for allowance. Such has been the settled practice in this state for many years.—*People ex rel. Anderson v. Township Board of La Grange, 2 Mich., 187; Marathon v. Oregon, 8 Mich., 372; People v. Auditors of Wayne County, 5 Mich, 223; People v. Townships of Porter and Calvin, 18 Mich., 101.*

If these claims had been presented to the town board, and title shown in the claimants of the bonds, it is presumable they would have been paid; and until the board neglected or refused to do justice, there could have been no occasion for resort to the courts. The remedy by *manda-mus* is simpler and speedier than any other to obtain all the benefits to which the holder of such bonds would be entitled, and is, in our opinion, the one which should have been adopted.

The judgment should be reversed, with costs. The reversal being upon the pleadings, there will be no new trial.

The other Justices concurred.