## Ward B. McArthur v. The Township of Duncan.

*Townships: Highway commissioners' orders: Remedy: Mandamus.* Man-
damus, and not an action against the township, is the proper remedy to
enforce payment of orders regularly drawn by the highway commis-
sioners on the township treasurer: the duty of the township authori-
ties to raise the necessary funds and to make payment, is just as impera-
tive upon the presentation of such orders, as it would be after judg-
ment against the township.

*Submitted on briefs April 11.    Decided April 18.*

Error to Cheboygan Circuit.

*Atkinson & Atkinson* and *Watts S. Humphrey,* for plaintiff in error.

*Trowbridge & Dowling,* for defendant in error.

MCARTHUR *v.* TOWNSHIP OF DUNCAN.

GRAVES, J:

McArthur sued the township on certain orders drawn regularly by the highway commissioners on the township treasurer, who refused payment.

The court ruled that the action could not be maintained on the ground that mandamus was the proper remedy, and McArthur claims that this was error.    That the liability of the township was fixed by the orders for the amount they represented, is not denied; but the objection urged by McArthur appears to be that mandamus might prove ineffectual inasmuch as that proceeding would fail in compelling payment in case there should be a lack of funds.

We do not see how a judgment would obviate the difficulty.    The plaintiff in error would still be as far off from the collection of his claim as he is now.    His demand would be swelled by costs and the judgment would not have the effect to put funds in the treasury and no execution could issue.—§ *6630, C. L.*    He would still be compelled to resort to *mandamus,* unless the township authorities should proceed to raise the necessary amount by taxation and make payment, and their duty to do this is just as imperative now as it would be if judgment were given against the township.

The point, we think, has been fully settled in this state as ruled by the circuit court, and we refer to the cases for a fuller explanation.—*Dayton v. Rounds, 27 Mich., 82; Marathon v. Oregon, 8 Mich., 372,* and other cases cited.

Judgment affirmed, with costs.

The other Justices concurred.