## Case No. 12,315.

### SANFORD v. PORTSMOUTH.

[2 Flip. 105; 6 Cent. Law J. 147; 2 Month. Jur. 14; 6 N. Y. Wkly. Dig. 335.] [1]

Circuit Court, E. D. Michigan. Nov. 26, 1877.

COURTS—FEDERAL AND STATE PRACTICE—JUDICIAL CONSTRUCTION.

1. Section 914, Rev. St., which adopts the practice, pleadings, forms and modes of procedure of the state courts, applies only to such as are established by the statutes of the several states, and not to modes of procedure established by judicial construction of common law remedies.

[Cited in brief in Schollenberger v. Phœnix Ins Co., Case No. 12,476. Cited in Patten v. Cilley, 46 Fed. 892.]

2. The federal courts are not bound by the decision of the supreme court of a state, which decides that mandamus is the only proper remedy upon municipal bonds.

3. Quære, whether this section extends to the practice prescribed by rules of the state courts of general application.

On demurrer to a plea to the jurisdiction. Action of assumpsit upon certain interest warrants or coupons annexed to bonds issued by the town of Portsmouth to aid in the construction of a plank road. Defendant pleaded to the jurisdiction upon the ground that assumpsit would not lie, insisting that mandamus was the only proper remedy. Plaintiff [Horatio W. Sanford] demurred.

Mr. Atkinson, for plaintiff.

Mr. Freeman, for defendant.

BROWN, District Judge. As the point was not raised by counsel it is not necessary here to decide, whether a plea to the jurisdiction is a proper mode of taking advantage of a defect apparent upon the face of the declaration, where the form of the remedy only is in question. That assumpsit is a proper action upon securities of this kind is settled, at least so far as the federal courts are concerned, in Town of Queensbury v. Culver, 19 Wall. [86 U. S.] 83, 92. See, also, Heine v. Levee

1 [Reported by William Searcy Flippin, Esq., and here reprinted by permission. 6 N. Y. Wkly. Dig. 335, contains only a partial report.]

Com'rs, Id. 655, 657. While the question has not been directly decided elsewhere, there is a multitude of cases in the recent volumes of the Supreme Court Reports, where assumpsit or debt has been brought upon municipal obligations of this description, in which the court has impliedly recognized these actions as the proper remedy.

It is equally well settled that a writ of mandamus will not lie in such cases in the federal courts until after judgment has been obtained. The circuit courts have no power to issue a writ of mandamus by way of original proceeding, where such writ is neither necessary nor ancillary to the jurisdiction already acquired. Bath Co. v. Amy, 13 Wall. [80 U. S.] 244. Further discussion of these propositions is concluded by the opinions above cited.

It is insisted, however, that under the practice of this state, as established by the supreme court, assumpsit will not lie, and that under the act of 1872 adopting "the practice, pleadings, forms and modes of proceeding" of the state courts, this construction is obligatory upon this court. The supreme court of this state seem to have adopted the view that mandamus is the only proper remedy where the liability of the corporation is fixed or the amount of the debt liquidated and adjusted. This question was first directly passed upon in Marathon v. Oregon, 8 Mich. 372, in which, after a division of a township, the town boards met and determined the amount of indebtedness to be paid by the new township. It was held by a majority of the court that the amount being a fixed and liquidated demand against the new township, which it was the duty of its town board to allow, mandamus was a proper remedy in an action against the township to recover the amount of the demand. The decision was put partly, at least, upon the ground that by law no execution can be issued against a township, and that as a judgment would be useless, the amount of the debt being already ascertained, a town ought not to be put to the useless expense of a judgment by default of its officers, and the creditor ought not to be put to delay or a double pursuit. There was a strong dissenting opinion in this case by Mr. Justice Christiancy. In Township of Dayton v. Rounds, 27 Mich. 82, the same principle was extended to bonds authorizing the payment of bounties to volunteers, and it was stated to be the settled practice of the state that a remedy by action was improper in such a case. It was again affirmed in the case of McArthur v. Township of Duncan, 34 Mich. 27, in which mandamus was held to be the only proper remedy to enforce the payment of orders regularly drawn by the highway commissioners on the township treasurer, the duty of the township authorities to raise the necessary funds and to make payment, being just as necessary upon the presentation of such orders as it would be after judgment.

Assuming that the supreme court would adhere to this principle if the question arose upon coupons of this character, it only remains to consider whether such construction falls within the scope of the act of 1872 as a "practice or mode of proceeding," existing in the courts of record of this state, within the meaning of this act. I am clearly of the opinion it does not, for the following reasons:

1. I think the practice, pleadings, and forms and modes of proceeding in civil causes, mentioned in section 914, are confined to those established by the statutes of the state, and do not include modes of procedure established by judicial construction of common law remedies. Whenever general principles of law are involved, the federal courts may exercise an independent judgment. By the judiciary act of 1789 (Rev. St. § 721), "the laws of the several states * * * shall be regarded as rules of decision in trials at common law in the courts of the United States;" but it has never been held in construing this section that the judicial decisions of the several states upon questions of general law were obligatory upon the federal courts.

We are bound by the constitutions and laws of the several states, and by the construction given to such constitutions and laws by the courts of the state. It has also been held that we are bound by decisions of the state courts so far as they establish rules of law affecting the title to lands, or principles which have become a settled rule of property, but no farther. Swift v. Tyson, 16 Pet. [41 U. S.] 1; Boyce v. Tabb, 18 Wall. [85 U. S.] 546; Delmas v. Insurance Co., 14 Wall. [81 U. S.] 661; Lane v. Vick, 3 How. [44 U. S.] 464. We had occasion to apply this construction at the last term of this court, where the question arose as to the liability of a city for injuries received from a defective sidewalk. We then held the municipality liable, following the decisions of the supreme court, although the supreme court of the state had held that such liability did not exist.

The supreme court of the United States also held, in numerous early cases, that section 721, above quoted, did not extend to the procedure or practice of the federal courts. Robinson v. Campbell, 3 Wheat. [16 U. S.] 212; Wayman v. Southard, 10 Wheat. [23 U. S.] 1. It was to remedy what was considered a defect in this particular, that the act of 1872 was passed; and I think the same construction should be given to it.

The opinion of the supreme court of the state that mandamus is the only proper remedy, being simply the enunciation of a general principle of law, running counter to the decisions of the supreme court of the United States upon the same subject, is not binding upon this court. Whether the act of 1872 may not also extend to the rules established by the supreme court of the state, of general application to the common law courts of the state, we are not called upon to decide. It would seem, however, that section 914 adopt-

ing the state practice, and section 918, authorizing the circuit courts to regulate their own practice, being contemporaneous acts, should be construed together. This would confine section 914 to the practice established by state statutes, leaving the federal courts still at liberty to adopt any rules not inconsistent therewith.

2. We are required by the act of 1872 above quoted (Rev. St. § 914), to conform our practice, pleadings and forms and modes of proceeding only "as near as may be" to those of the state courts, or as the supreme court has expressed it, as near as may be "practicable." This leaves the act, to a certain extent, mandatory or directory, and vests in this court a limited discretion to reject methods of procedure which are inconsistent with the established and well recognized usages of the federal courts. As observed by the supreme court in Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 301: "This indefiniteness may have been suggested by a purpose. It devolved upon the judges to be affected, the duty of construing and deciding, and gave them the power to reject, as congress undoubtedly expected they would do, any subordinate provision in such state statutes which in their judgment would unwisely incumber the administration of the law, or tend to defeat the ends of justice in their tribunals." This discretion has actually been exercised in a number of cases. In Nudd v. Burrows, 91 U. S. 426, it was held that the practice act of Illinois, which provided that the court should instruct the jury only as to the law, and that they should on their retirement, take the written instructions of the court and return them with their verdict, was not binding upon the federal courts sitting in that state. It was said that the personal conduct and administration of the judge, in the discharge of his particular functions, was neither practice, pleading, nor a form or mode of proceeding within the meaning of the section. So in Indianapolis & St. L. R. Co. v. Horst, 93 U. S. 291, the court refused a motion to instruct the jury to find specially upon particular questions of fact involved in the issues, in the event they should find a general verdict, and the court held that such instruction was right, notwithstanding a statute of the state requiring the court to submit particular questions to the jury, when requested so to do. So in Beardsley v. Littell [Case No. 1,185], Judge Blatchford held that the provision of the New York Code of Procedure, for the examination of witnesses before trial, did not apply to the federal courts.

It is scarcely necessary to say that a construction which would oust this court of a jurisdiction over a very large class of cases, is not a "practicable conformance" with the mode of procedure in the state courts, within the meaning given to this section by the supreme court.

The plea to the jurisdiction is therefore overruled.