CHARLES H. PLUMMER v. THE TOWNSHIP OF EDWARDS,
AND SAME v. THE TOWNSHIP OF OGEMAW.

[Two cases.]

87   621
.126   234

*Board of supervisors—Salary of sheriff.*

A board of supervisors has no power to allow the sheriff an
annual salary for services " as jailer," including those for which
the statute has provided fixed fees.

Error to Ogemaw.  (Simpson, J.)  Argued June 12,
1891.  Decided October 9, 1891.

*Assumpsit.*  Plaintiff brings error.  Reversed.  The
facts are stated in the opinions.

*Tarsney & Weadock,* for appellant.

*Markey & Hall,* for defendants.

MORSE, J.  In these two cases I think the county tax
was illegal, because of the action of the board of super-
visors in voting a salary to the sheriff "as jailer" of
$500 per annum.  How. Stat. § 9055, gives this officer
35 cents for the commitment of every person to the
county jail, and the same sum for each discharge there-
from, and for taking a prisoner before a court for
examination or to jail, 15 cents; and, after enumerating
the fees for other services, it provides:

"For other services not herein specially provided for,
such sums as may be allowed by the board of supervis-
ors."

This clause of the statute does not, in my opinion,
authorize the board of supervisors to vote a lump salary
to the sheriff as jailer for the year.  The evident intent

is that, if the sheriff performs services not specially provided for in the statute, he shall present his claim for such services, after they are rendered, to the board, who shall, upon investigation of the same, allow such compensation as to them may seem just and proper.

The resolution of the supervisors fixing this salary did not specify what it was for, except in this general way, "as jailer." This would seem to include all his services as jailer, if any, and would embrace those services for which the statute has fixed the fees. The sheriff must be confined to his fees as fixed by statute. *Burk v. Webb,* 32 Mich. 173; *Clark v. Supervisors,* 38 Id. 658; *Peck v. Bank,* 51 Id. 353; *Hewitt v. White,* 78 Id. 117. If the supervisors could legally vote $500, they could vote any sum, which is not the evident purpose of the statutes of this State. I know of no law recognizing that the sheriff is a salaried officer, or that authorizes the voting of any sum of money to him as a salary for any services. For such a county as Ogemaw the amount voted is a large one; and there is nothing in the resolution preventing him from receiving all the ordinary jail fees in addition, besides his expense in boarding the inmates of the jail. In the same resolution they fixed the clerk's fees at $725, but were careful to provide that he should no longer receive the entry fees for himself, as had been before that permitted; and also that he should thereafter be allowed no *per diem* fees while attending the sessions of the board of supervisors. But the sheriff is in no wise restricted or deprived of any of his usual fees. The circuit judge should have instructed the jury that so much of the county tax was void as was the plaintiff's proportion of the $500.

For this error the judgments in both cases must be reversed, and a new trial granted, with costs of this Court to plaintiff.

CHAMPLIN, C. J., and GRANT, J., concurred with
MORSE, J. .

MCGRATH, J. (*dissenting*). Plaintiff sues to recover
taxes for the year 1889, assessed upon real estate, situ-
ated in defendant township, and paid by him under pro-
test.

1. It is claimed by plaintiff that the township tax was
illegal, because it included the sum of $1,350 for the
payment of maturing township bonds, and that the inclu-
sion of this amount was not authorized.    The record of
the township meeting, held April 1, 1889, shows that a
vote was had, and that a majority of the electors voted
to pay the bond of the township when it became due.
The township board, at a meeting held June 24, 1889,
adopted the following:

" *Whereas*, the electors of the township of Edwards, at
the annual township meeting held therein on the first
day of April, 1889, voted to pay the bond or bonds held
against the township of Edwards, coming due January 8,
1890, and ,failed to vote any certain amount to pay the
said bond or bonds:   therefore, be it—
" *Resolved*, by the township board of the township of
Edwards, that the sum of $1,350 be spread as a special
tax on the assessment roll of 1889, for the payment of
the bond or bonds."

It is insisted that the action taken at the annual meet-
ing is invalid, because it does not describe the bond,
when it was due, the amount, the purpose for which it
was given, its rate of interest, nor anything by which
the indebtedness may be identified, and that the township
board at its meeting exceeded its authority under section
750, How. Stat., as amended in 1887.[1]   Section 750,
however, refers only to ordinary township expenses, and
not to maturing bonded indebtedness.   No claim is made

---

[1] See Act No. 60.

but that there was a valid existing and maturing bonded indebtedness of the township of the amount named. The duty of the township to provide for its maturing indebtedness is imperative. *McArthur v. Duncan Tp.*, 34 Mich. 27. The bonds were fixed charges against the township, certain in amount, and a liquidated claim. No vote of the electors on the question of raising the money to meet them was necessary. *Newaygo Co. Manfg. Co. v. Echtinaw*, 81 Mich. 416. It was the duty of the township board to anticipate the payment of the bonds, and to include the amount in the assessment roll.

2. It is alleged that the county tax is illegal, for the reason that it included a salary of $500 per annum, voted by the board of supervisors to the sheriff as jailer.

The sheriff is by law made custodian of the jail, and of the prisoners confined therein, and is made responsible for the keeping of the prisoners, whether by himself or deputy. How. Stat. § 585. No allowance is made by statute for fuel, lighting, board, or care of prisoners, and the statute expressly provides for allowance by the board of supervisors for services and expenses for which no provision is made. Id. § 9055. It will not be presumed that the board has undertaken to substitute this salary for compensation fixed by law, but it will be assumed that this allowance is intended to cover necessary and actual expenses and services for which no fees are provided by the statute. Compensation for this class of services and expenses cannot be calculated upon a per prisoner basis, especially in sparsely settled counties, and, inasmuch as the jailer with his family usually resides at the jail, the entire expense may not be considered a proper charge against the county; hence the expense must be apportioned, and the amount estimated, whether fixed in advance or otherwise.

The Constitution (article 10, § 10) gives to boards

of supervisors the exclusive power not only to "adjust claims," but to "fix the compensation for all services;" and the statute (section 9055) which provides that the sheriff shall be entitled, "for other services not specifically provided for, to such sums as may be allowed by the board of supervisors," does not, in my opinion, restrict the board to the mere auditing of accounts. The statutes are to be examined for some provision making compensation for these specific services, rather than for authority to fix a compensation for · them. Ample authority is conferred by the Constitution. The statute makes no provision for the compensation to be paid to deputy-sheriffs, yet it is a matter of common knowledge that deputy-sheriffs, for court service, and for other special services, receive a fixed compensation. In some cases, keepers, engineers, and even cooks are employed for jail service at salaries fixed by the board of supervisors. Prisoners are, in many cases, fed at a regular *per diem*, fixed in advance by the board of supervisors. If boards of supervisors have power to fix the compensation for these services severally, have they not the right to group with them other items, and fix the compensation for them in the aggregate? If the authority of boards of supervisors in this respect is limited to the allowance of claims, then they have no power to fix the salaries of keepers, etc., and none to fix the *per diem* for feeding prisoners.

There is a clear distinction between the present case and that of *Hewitt v. White*, 78 Mich. 117, for there the board fixed a salary in lieu of fees fixed by the statute, while here the salary is intended to cover services and expenses for which no definite compensation is provided by statute. In other words, the salary here is confined to services that might be contracted for, and not to

87 Mich.—40.

services which the Legislature has subjected to a fixed compensation.

The court below properly directed a verdict for defendant, and the judgment should be affirmed, with costs.

LONG, J., concurred with MCGRATH, J.