## WILLIAMS LAND CO. v. UNITED STATES.

### No. 43979.

Court of Claims.

Feb. 5, 1940.

James A. Cosgrove, of Washington, D. C. (Raymond H. Berry, Ralph W. Barbier, and Arthur L. Evely, all of Detroit, Mich., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

LITTLETON, Judge.

The facts show that the City of Detroit, being desirous of condemning certain properties within the city for street-widening purposes, through its Common Council authorized and caused condemnation proceedings to be instituted to acquire the property necessary for the street-widening project, but due to the fact that the financial condition of the city was not such at that time as to warrant the continuation of the condemnation proceedings and the payment in accordance with existing statutes of such awards as might be made it entered into an agreement with the plaintiff and a number of other property owners, which agreement provided for an extension of time of payment of such award by the city to the property owners affected of their proportion of such an award as might be made. The property owners to be affected by such condemnation proceedings agreed with the City of Detroit in Art. 2 of said agreement, as set forth in Finding 10, "to extend the time of payment of their award, or of the balance of their award, which is payable under the provisions of the charter of the City of Detroit within one (1) year from the date of confirmation, into ten (10) equal annual payments, together with interest on the unpaid balance at the rate of four and one-quarter (4¼%) percent per annum, payable annually from the date of final confirmation of such award. The first payment on the award, or the balance thereof, as the case may be, shall be made within one (1) year from the date of final confirmation, and the remaining installments annually thereafter."

Art. 7 of the agreement provided, in part, that "nothing herein contained shall in any manner limit or modify the right of the legislative body of the City of Detroit to amend or withdraw the petition [for condemnation], or to move for a new trial, order an appeal or otherwise control said proceedings as authorized by law. In the event of a withdrawal or dismissal of said proceedings, this contract shall be void."

As shown by the findings, the proceeding continued until February 16, 1932, when the jury rendered its verdict of necessity and made a total award of $9,806,-453 for the Woodward Avenue property affected which included the property of plaintiff. This verdict of the jury was confirmed by the court on July 21, 1932, resulting in the condemnation, among other property, of a strip of plaintiff's property, approximately 46 feet deep, fronting on Woodward Avenue. The condemnation award included an item in favor of plain-

tiff in the principal amount of $152,342.-32. The first installment, of $15,234.23, of this award with interest of $12,604.16 on the full amount of the award from July 21, 1932, to July 2, 1934, was paid to plaintiff by the City of Detroit on July 2, 1934.

Art. 3 of the agreement between the City of Detroit and the property owners provided that the city might enter upon the property involved in the condemnation proceedings and take possession of and use the same for the purposes for which taken at any time after ninety days after the final confirmation of the condemnation award thereon. The first street-widening operation on the property condemned and taken on July 21, 1932, was not begun until 1934.

In its return for 1934 plaintiff reported $3,244.13 of the interest received covering the period January 1 to July 2, 1934, and accrued interest due on the principal amount of the award for the period July 3 to December 31, 1934, in the amount of $2,905.56, a total of $6,149.69.

Plaintiff kept its books and made its tax returns on the accrual basis. Thereafter, in 1936, the Commissioner held that plaintiff was taxable in 1934 upon the entire amount of interest of $12,604.16 paid to it on July 2, 1934, and upon a further amount of interest of $2,857.67 accrued upon the award, and available to it, to December 1934. The last mentioned amount of $2,-857.67 was not actually paid to plaintiff until January 1935. As a result of this action, the Commissioner determined and assessed an additional tax of $2,090.80 which was collected with interest of $121.-87, totaling $2,212.67. The amount of $9,-360.03 of the total interest of $12,604.16 received by plaintiff on July 2, 1934, was entered by plaintiff on its books at the time it was received as an accrual for the period July 31 to December 31, 1932, and for the calendar year 1933, and amended returns were thereupon filed for those years. The returns for 1932 and 1933, as originally filed and as so amended, reflected net losses for such years and no taxes were paid for either year.

Plaintiff contends, first, that the interest of $12,604.16 received from the City of Detroit on July 2, 1934, and interest thereafter accruing is exempt from income tax under the provisions of section 22(b) (4) (A) of the Revenue Acts of 1932 and 1934 on the ground that the amount represents interest upon "the obligations of a State, Territory, or any political subdivision thereof," and, second, that if the interest is not wholly exempt from tax the amount of $9,-360.03 thereof accrued in 1932 and 1933, and on the basis of plaintiff's accounting method, was income in those years as reported by it in its amended returns.

Whether the interest received by plaintiff is exempt from tax depends upon the meaning of the word "obligations" as used in the federal taxing acts. We think it is clear that the statute did not intend that all promises to pay or enforceable actions should constitute obligations within the meaning of that term as used in the exemption clause. The same subdivision (b) (4), in clause (C), exempts from tax "interest upon * * * the obligations of the United States" and it has been held that the liability to make a refund of federal taxes carrying interest is not an obligation of the United States within the meaning of this section. American Viscose Corporation v. Commissioner, 3 Cir., 56 F.2d 1033. In Helvering v. Stockholms Enskilda Bank, 293 U.S. 84, 91, 55 S.Ct. 50, 79 L.Ed. 211, the court held that section 213(b) (4) of the Revenue Act of 1926 providing that the term gross income shall not include "interest upon * * * the obligations of the United States," was designed to aid the borrowing power of the Government by making its interest-bearing bonds attractive to investors, and the scope of the term must there be narrowed accordingly, and that the meaning of the word "obligations," as used in the exemption section, should not be extended to include interest upon obligations not incurred under the borrowing power. In United States Trust Company v. Anderson, 2 Cir., 65 F.2d 575, 89 A.L.R. 994, and in Seaside Improvement Company v. Commissioner, 2 Cir., 105 F.2d 990, it was held that interest received on a condemnation award from the date of the taking to the date of payment of the award is not exempt from taxation as interest upon an obligation of a state within the meaning of the exemption provisions of the statutes. The present obligation of the City of Detroit, the interest from which is claimed to be exempt, was not incurred by that municipality under its borrowing power. The law of Michigan, under which the land in question was condemned, grants to the city one year after confirmation of the award in which to make payment. It is also provided that the city may not enforce

160

possession of the property condemned until the treasurer of the city certifies that the amount of the award is impounded in the treasury; and further provision is made that interest at 5 percent per annum shall be paid upon the award from the date of condemnation until payment. Campau v. Detroit, 225 Mich. 519, 196 N.W. 527, 32 A.L.R. 91. Interest upon a condemnation award is payable as a part of just compensation whether or not it is authorized by statute. Seaboard Air Line R. Co. v. United States, 261 U.S. 299, 43 S.Ct. 354, 67 L.Ed. 664; United States Trust Company v. Anderson, supra. In the case at bar the property in question, from the value of which plaintiff received the interest, was acquired by the city through the exercise of the power of eminent domain. The agreement between the property owners and the municipality operated only to give the city ten years instead of the statutory period of one year within which to pay, reduced the rate of interest from 5 percent to 4¼ percent, and authorized the city, notwithstanding full payment had not been made, to take possession of the land and improvements thereon within ninety days after confirmation of the verdict of the jury, of necessity, and award of compensation. The entire interest to be received was therefore, by agreement of the parties, to be interest on the condemnation award from the date of taking to the date of payment, and under the rule applied in cases above cited such interest is taxable.

The case of Kings County Development Co. v. Commissioner, 9 Cir., 93 F.2d 33, relied on by plaintiff did not involve the acquisition of property through a condemnation proceeding but concerned a direct purchase with the later assumption of purchase obligations by the political subdivision of a state. On that basis the court in holding that the interest paid was exempt distinguished the cases hereinbefore cited. The case is therefore not in point.

The case of Norfolk National Bank of Commerce v. Commissioner, 4 Cir., 66 F. 2d 48, upon which plaintiff also relies, involved the constitutional question of whether or not Congress could levy a tax upon the obligations of a state issued in order to borrow money with which to carry on its governmental functions. It is not in point here.

■ With reference to the years in which the interest was income, we are of opinion from the facts disclosed by the record that since the plaintiff employed the accrual method of accounting in keeping its books and reporting its income only that portion of the interest due from the city which accrued in the calendar year 1934, in the amount of $6,149.69, was taxable in that year; and that $9,312.14 of the total interest of $12,604.16 paid to plaintiff on July 2, 1934, which represents the total of the interest accrued to plaintiff for the periods July 21 to December 31, 1932, and the calendar year 1933, was taxable income in those years rather than in 1934. All events necessary to fix the amount due plaintiff and the liability of the city to pay it had occurred. It was therefore a proper accrual, beginning on July 21, 1932, of the interest applicable to each taxable year. United States v. Anderson et al., 269 U.S. 422, 440, 441, 46 S.Ct. 131, 70 L.Ed. 347. Every accrual has in it the possibility that the debtor may not pay, but other sections of the taxing statutes contain compensating provisions in such event. Although plaintiff did not enter upon its books the interest accrued subsequent to July 21, 1932, for the taxable years 1932 and 1933, this is not controlling. Book entries are evidentiary but not controlling in such cases. Plaintiff so reported the interest accrued in returns for 1932, 1933, and 1934. When the total interest received and accrued from the date of confirmation of the award from July 21, 1932, to December 31, 1934, is allocated to the years to which applicable on the accrual basis, no additional tax is due from plaintiff for the reason that plaintiff had net losses for the years 1932 to 1934, inclusive. The entire additional tax and interest thereon totaling $2,-212.67 for 1934, herein sought to be recovered, resulted entirely from the fact that the Commissioner of Internal Revenue included as income for 1934 the entire amount of $15,461.83, interest paid on July 2, 1934, and accrued to December 31, 1934.

For the reasons above stated, only that portion of the interest amounting to $6,-149.69, accrued in 1934, was taxable income in that year. On this basis plaintiff had a net loss rather than a net income.

Judgment will therefore be entered in favor of plaintiff for $2,212.67 with interest as provided by law. It is so ordered.