### COMMISSIONER OF INTERNAL REVENUE v. BARBOUR.

### No. 9146.

Circuit Court of Appeals, Sixth Circuit.

June 24, 1943.

William A. Clineburg, of Washington, D. C. (Samuel O. Clark, Jr., Sewall Key, and Helen R. Carloss, all of Washington, D. C., on the brief), for petitioner.

John M. Hudson, of Detroit, Mich. (Samuel E. Gawne, of Detroit, Mich., on the brief), for respondent.

Before HICKS, HAMILTON, and Mc-ALLISTER, Circuit Judges.

HICKS, Circuit Judge.

Petition to review a decision of the Board of Tax Appeals, that respondent had overpaid her income tax for the year 1937 in the sum of $3,885.81. The facts found by the Board are undisputed. They are, briefly, as follows:

Respondent owned an undivided one-half interest in three parcels of real estate fronting on Woodward Avenue in Detroit, upon which were three buildings used in respondent's business.

On November 17, 1927, the City of Detroit filed a petition in the appropriate court to condemn twenty feet of the three parcels for the purpose of widening Woodward Avenue. In February 1932 the case was brought to trial and on February 16th the jury returned a written verdict in which it found that the taking of the property was necessary and awarded the sum of $180,935.90 as compensation for the condemned portion of the parcels occupied by one of the three buildings.

On July 21, 1932, the court confirmed the verdict. On November 26, 1937, the city paid respondent and her joint owner the amount of the award, to wit, $180,935.90. On this date respondent's share of the award exceeded her portion of the cost basis of the property for which the award was paid. On December 21, 1937, the city paid to respondent and her joint owner an additional sum of $48,347.90 as the interest upon the award of $180,935.90 from the date on which it was confirmed to the date on which it was paid.

From 1932 to 1937 respondent received and retained her share of the rentals of the entire three buildings. In 1933 she was relieved of the city tax assessments on the property condemned.

In her tax return for 1937 respondent reported her one-half of the interest as income but she contended before the Board that it represented capital gain. Respondent's contention is that, because the city under the law of Michigan did not acquire title to the condemned property and the right of possession until it had fully paid the award and interest thereon, the amount so paid was the price of the property which the respondent realized and therefore represented capital gain as defined in Sec. 111(a) (b) of the Revenue Act of 1936, Ch. 690, 49 Stat. 1648, 26 U.S.C.A. Int. Rev.Code, § 111(a, b). The Board sustained her contention, hence this petition to review.

We think the decision was erroneous. The "just compensation" to which respondent was entitled was, in the absence of an agreement between the parties, fixed by the verdict of the jury at $180,935.90. This was the sales price. See Kieselbach et al. v. Commissioner, 317 U.S. 399, 63 S. Ct. 303, 87 L.Ed. ——, decided by the Supreme Court January 4, 1943, since the decision of this case by the Board. This award was never increased by agreement or otherwise. Its confirmation by the court constituted a judgment. Campau v. City of Detroit, 225 Mich. 519, 196 N.W. 527, 32 A.L.R. 91. Respondent's one-half of the interest, which she claims was capital gain, was in fact nothing more than what it purports to be, to wit, interest upon the judgment which the city was required to pay as prescribed by the laws of Michigan. See Campau v. City of Detroit, supra. This interest was but a form of income and should be taxed accordingly.

The decision of the Board of Tax Appeals is reversed and the case is remanded with directions to proceed in accordance herewith.