## UNITED STATES v. HIGHSMITH.

(Circuit Court of Appeals, Eighth Circuit.  March 25, 1919.)

No. 5263.

EMINENT DOMAIN ⟫148—JUST COMPENSATION—INTEREST AS ELEMENT OF COMPENSATION.

That a landowner did not institute proceedings to recover compensation for land appropriated by the United States for public use does not debar him of the right to interest from the date of taking, as part of the compensation, since the permanency of the occupation is not always disclosed, or not even finally determined.

In Error to the District Court of the United States for the District of New Mexico; Colin Neblett, Judge.

Condemnation proceeding by the United States against Margie L. Highsmith and others.  From the award of compensation, the United States brings error.  Affirmed.

P. W. Dent, Dist. Counsel U. S. Reclamation Service, of El Paso, Tex. (S. Burkhart, U. S. Atty., of Albuquerque, N. M., and J. O. Seth, Asst. U. S. Atty., of Santa Fé, N. M., on the brief), for the United States.

J. M. Hervey, of Roswell, N. M. (W. C. Reid and George S. Downer, both of Albuquerque, N. M., on the brief), for defendant in error.

Before HOOK, Circuit Judge, and TRIEBER, District Judge.

HOOK, Circuit Judge.  This case is like United States v. Rogers (No. 5166) 257 Fed. 397, —— C. C. A. ——, just decided, except in the following particulars: Both the United States and the landowner, Margie L. Highsmith, appealed from the award of the condemnation commissioners to the District Court, where the case was tried to a jury.  The parties having agreed that the question of interest on the amount awarded was one of law for the court, it instructed the jury that interest should be allowed, and a verdict was so returned.  It was also agreed that the court should make a separate order requiring the deposit of interest, so that the government might prosecute a writ of error to review that matter only.  That was accordingly done.  Finally it was stipulated:

"That although the lands were appropriated on April 19, 1912, and used thereafter by the United States, no order was entered by the court formally placing the United States in possession of the same, except that contained in the final judgment entered on January 30, 1918."

We do not regard these differences as material, or calling for a conclusion different from that announced in the other case.  The government took title and possession, and the landowner was deprived of both on April 19, 1912.  The final judgment of the court did not change that situation.  True, a landowner might himself commence suit and thereby hasten the day of payment, but one objection to making that a

requisite is that the purpose of the government, whether a permanent appropriation or a temporary occupancy, is at times not disclosed, or even not finally determined.

The order is affirmed.