446 P.2d 443

STATE of New Mexico ex rel. STATE HIGHWAY COMMISSION of New Mexico, Petitioner-Appellee and Cross-Appellant,

v.

PEACE FOUNDATION, INC., and Wilhelmina N. Coe and Ralph M. Coe, Defendants-Appellants and Cross-Appellees.

No. 8481.

Supreme Court of New Mexico.

Nov. 8, 1968.

Oliver B. Cohen, Albuquerque, for defendants-appellants and cross-appellees.

Boston E. Witt, Atty. Gen., Joseph L. Droege, Special Asst. Atty. Gen., Santa Fe, for petitioner-appellee and cross-appellant.

## OPINION

PER CURIAM:

The motion for rehearing is denied; the original opinion filed herein is withdrawn and the following substituted therefor:

CHAVEZ, Chief Justice.

Suit was brought in the District Court of Bernalillo County by the State Highway Commission seeking to acquire by condemnation certain parcels of land owned by defendants-appellants, Peace Foundation, Inc. and Wilhelmina N. Coe and Ralph M. Coe. The land was needed for the construction of Interstate Route 40 in Albuquerque, New Mexico. The trial court ordered separate trials for appellants, Peace Foundation, Inc. and Ralph and Wilhelmina Coe. Each trial was to a jury and resulted in verdicts for appellants.

The petition in condemnation was filed on October 16, 1963. On March 2, 1965, an order signed by another district judge was entered, reciting that the case having been set for jury trial on December 2, 1964, and appellants, Peace Foundation, Inc. and Ralph M. Coe and Wilhelmina N. Coe, by their attorney, having asked for a continuance, ordered that the interest on any award made to appellants, for their interest in the tracts condemned, cease to accrue as of December 2, 1964. The order was approved by appellee's attorney and excepted and objected to by appellants' attorney. On September 13, 1965, the respective parties stipulated in writing that the case, as to Peace Foundation, Inc. and Ralph and Wilhelmina Coe be continued.

On September 29, 1966, a jury returned a verdict in favor of Peace Foundation, Inc. in the sum of $60,210. On October 7, 1966, Peace Foundation, Inc. filed a motion seeking to set aside the order suspending interest as of December 2, 1964. The trial court denied the motion, setting out that it had inherent power to impose conditions for the granting of a continuance, and that the party who accepts the continuance thereby assents to the terms and conditions imposed, must comply therewith, and cannot thereafter attack such order. Judgment was entered on November 14, 1966, for Peace Foundation, Inc. in the sum of $60,210, but interest was excluded from December 2, 1964, until September 29, 1966, the date of the jury verdict.

On January 18, 1967, a jury rendered a verdict in the sum of $35,000 in favor of Wilhelmina N. Coe and Ralph M. Coe and judgment, excluding interest from December 2, 1964, to January 18, 1967, was entered on June 2, 1967. Also, on June 2, 1967, an order was entered denying appellants Coes' motion to set aside the court's order suspending interest as of December 2, 1964. It is from the two judgments set out above that appellants prosecuted this appeal.

The question presented is whether the trial court erred in excluding interest on the two judgments from December 2, 1964, until the dates of the respective jury verdicts.

By the enactment of Ch. 97, § 9, Laws 1905, now § 22-9-9, N.M.S.A., 1953 Comp., the legislature showed its intent that the owner of property which is condemned shall receive interest from the time his possession is invaded. That act provides that:

"* * * If an order be made letting the plaintiff into possession as provided in this chapter, the compensation and damages awarded shall draw lawful interest from the date of such order. * * *"

In A.T. & S.F. Ry. Co. v. Richter, 20 N.M. 278, 148 P. 478 (1915), this court held that the owner of land taken in condemnation proceedings should have interest from the time his possession is invaded, either with or without an order of the court. This ruling was followed in United States v. Rogers, 257 F. 397 (8th Cir. 1919), aff'd 255 U.S. 163, 41 S.Ct. 281, 65 L.Ed. 566 (1921), which involved lands in New Mex-

ico appropriated by the federal government for public use. See also, United States v. Highsmith, 257 F. 401 (8th Cir. 1919), aff'd 255 U.S. 170, 41 S.Ct. 282, 65 L.Ed. 569 (1921).

 The applicable statute in this case is termed "special alternative procedure." The legislative intent is clearly stated in § 22–9–39, N.M.S.A., 1967 Pocket Supp., and § 22–9–52(B), N.M.S.A., 1967 Pocket Supp., provides:

> "Whenever just compensation shall be ascertained and awarded in such proceeding and established by judgment, the judgment shall include as a part of the just compensation awarded, interest at the rate of six per cent [6%] per annum from the date of the date the petition is filed to the date of payment or the date when the proceedings are finally abandoned."

It is clear that § 22–9–52(B), supra, does not allow a trial court to suspend interest in condemnation proceedings under the Special Alternative Procedure Act.

As we read the order granting the continuance and directing the suspension of interest, it is questionable whether any conditions were imposed for granting the continuance on December 2, 1964. Also, as heretofore stated, the parties on September 13, 1965, stipulated in writing to a continuance. Thus, if appellants were responsible for the original continuance, they were not responsible for the continuance from September 13, 1965, to the dates that the verdicts were rendered in September 1966 and January 1967. The delay in bringing the cause to trial was due, in part at least, to the delay from December 2, 1964, to March 2, 1965, the date of the order disallowing interest, and also due to the stipulation by the parties for continuance on September 13, 1965. We are satisfied that, under the circumstances of this case, the allowance of interest from the date the petition was filed is essential to just compensation. Article II, § 20, Constitution of New Mexico.

The cause is remanded to the district court with direction that a new judgment be entered in conformity with the verdicts of the jury, and allowing appellants interest on the judgments from the date the petition in condemnation was filed to the date that the judgments are paid.

It is so ordered.

NOBLE and COMPTON, JJ., concur.